[Civ. No. 17530. Second Dist., Div. One. May 1, 1950.]

LOS ANGELES CITY HIGH SCHOOL DISTRICT, Respondent, v. CULVER CITY HIGH SCHOOL DISTRICT et al., Appellants.

Harold W. Kennedy, County Counsel, A. Curtis Smith, Assistant County Counsel, and John B. Beck, Deputy County Counsel, for Appellants.

M. Tellefson, City Attorney (Culver City), Amicus Curiae on behalf of Appellants.

Ray L. Chesebro, City Attorney (Los Angeles), and Leon Thomas David, Assistant City Attorney, for Respondent.

DRAPEAU, J.—The electors of Culver City Elementary School District voted to withdraw the territory comprising that district from the Los Angeles High School District, and to form Culver City High School District. This election was held January 19, 1949. The two high school districts will here-

after be referred to as Los Angeles district and Culver City district.

The election was canvassed by the Board of Supervisors of Los Angeles County. The board made its order dated January 25, 1949, declaring the election carried.

While the proceedings for withdrawal were pending, and prior to January 25, 1949, the board of supervisors received bids on bonds of the Los Angeles district in the sum of 15 million dollars. The high bidder was a syndicate managed by Bank of America. The syndicate agreed to take the bonds if delivered prior to March 15, 1949, and if its counsel approved the validity thereof.

This bid was accepted January 11, 1949. The bonds were delivered January 31, 1949, six days after the order of the Board of Supervisors establishing the Culver City district.

The question here involved is whether the bonded indebtedness was incurred before or after the withdrawal of the territory of the Culver City district.

Los Angeles district takes the position that the bonded indebtedness was incurred when the bid was accepted, January 11, 1949, and, in any event, that the territory was not withdrawn from the Los Angeles district until July 1, 1949.

Culver City district takes the position that the territory was withdrawn January 25, 1949, prior to the delivery of the bonds, and that the territory of that district is not subject to taxation for any part of the interest or principal thereof.

These contentions turn upon the application of sections 3603 and 1591 of the Education Code to the foregoing facts. These sections are as follows:

Section 3603. *Continued liability for proportion of bonded indebtedness.* Any elementary or union elementary school district electing to withdraw from a high school district shall continue to be liable for the same proportion of the bonded indebtedness of the high school district, incurred before the withdrawal, as it would have been liable for had it not withdrawn.

Section 1591. *Actions to be completed prior to February first and effective July first.* Except as provided in this article, any action undertaken to form a new school district of any type or class, to annex or unite any territory or school district to or with another school district, to withdraw or exclude territory from any school district, to unionize or merge two or more school districts, to disestablish or disincorporate any school district, or to change the boundaries of any school

district, shall be completed prior to the first day of February of the school year in which the action was begun and shall be effective on the first day of July next succeeding.

The superior court found that the indebtedness was incurred before the withdrawal, and by its mandate directed the levy of the tax upon the territory of Los Angeles district as it was prior to the withdrawal. This makes the territory of the Culver City district liable for its proportionate share of the 15-million-dollar bonded debt. And from now on the territory of the Culver City district must pay for all of the expenses of its own high school.

The legal mechanics were: Petition for peremptory writ of mandate; demurrer; case submitted on the allegations in the petition and the points and authorities in support of the petition and the demurrer; findings of fact and conclusions of law; judgment; and peremptory writ of mandate.

From the judgment and the writ, the defendants, Board of Supervisors of the County of Los Angeles, and the county auditor, appeal.

Counsel have briefed the law relative to indebtedness of school districts when such districts have been divided, from common law times until now. However, we are all bound by our own statute law. Eliminating from section 1591 of the Education Code those portions not applicable to the present situation, we find the following:

Section 1591. *Actions to be completed prior to February first and effective July first.* . . . any action . . . to withdraw or exclude territory from any school district . . . shall be completed prior to the first day of February of the school year in which the action was begun, *and shall be effective on the first day of July next succeeding.* (Emphasis added.)

Careful consideration has been given to appellants' argument that section 3603, Education Code, is not modified by section 1591. Unless section 1591 is to be read in connection with section 3603 and does modify it, a close question is presented. It was on January 31, 1949, that the Bank of America syndicate paid the 15 million dollars. Appellant argues that that was the date the bonded indebtedness was created. As already stated, this was six days after the board of supervisors canvassed the vote and declared Culver City district established.

Appellants say that Education Code, sections 1591 and 1593 read together relate to powers of the district, rather than the effective date of creation; that the Culver City dis-

trict must have been an existing entity January 25, 1949, otherwise it would have been without jurisdiction to levy taxes for the succeeding school year; in short that the district was created immediately and section 1591 merely postponed the exercise of part of its powers.

These two sections—1591 and 1593—are part of division 2, chapter 3, article 5 of the Education Code. The article is entitled ''Formation and Changes in Territory and Status of Districts.'' Section 1591 has already been quoted and broken down. Section 1593 says, ''In the case of every other action referred to in this article, the action shall be effective on the date the action is completed for the following purposes:'' and enumerates eight powers, all having to do with setting up a functioning organization for the new district.

Reading the several provisions of the Education Code indicates that it was the purpose of the Legislature to permit citizens of the state to establish new school districts, and to grant to such districts necessary powers to set up budgets, to lay the foundation for tax levies, to set up governing boards and teaching staffs, for the ensuing school year; that such new districts, however, were to continue to pay outstanding bonded indebtedness; and that the controlling date for the determination of what bonded indebtedness such districts were required to pay was fixed as the first day of July succeeding the formation of the district.

This interpretation is supported by the former statutes, of which the current sections are continuations.

''2.86. Whenever under any provision of this code any school district of any type or class is formed, or any territory or school district is annexed to or united with a school district or the boundaries of any school district are changed, such formation, annexation, union or change of boundaries shall not become effective until the first day of July; except that for the purpose of assessing the property contained in the territory or school districts affected by such formation, annexation, union, or change of boundaries for the purpose of determining the rate of school district tax to be levied, such formation, annexation, union, or change of boundaries shall become effective on the first Monday in March next succeeding such formation, annexation, union, or change of boundaries.'' (Stats. 1933, chap. 570, p. 1481.)

It is held that Culver City district became effective July 1, 1949, so far as outstanding bond issues were concerned; that the bonds here under consideration were a charge upon

the territory of Los Angeles district prior to that date; and that by section 3603 of the Education Code, the territory of the Culver City district is still liable for its proportionate share thereof.

The judgment and peremptory writ of mandate are affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 29, 1950.