NYRE, Appellant, vs. JOINT SCHOOL DISTRICT No. 1, TOWNS OF MODENA, CANTON, GILMANTON, and ALMA, Respondent.

*December 6, 1950—January 9, 1951.*

250

*Edwin Larkin* of Mondovi, for the appellant.

For the respondent there was a brief by *Weinandy & Schlosstein* of Cochrane, and oral argument by *B. H. Schlosstein*.

HUGHES, J. Since sec. 40.19 (1), Stats., provides that ". . . No teaching contract with any person not legally authorized to teach the named school or subject shall be valid; and all teaching contracts shall terminate if, and when, the authority to teach terminates," the trial court directed a verdict in favor of the defendant upon the theory that if plaintiff had a valid contract in April it terminated in June when plaintiff's 1947 permit to teach expired.

This would have been sound if renewal of plaintiff's permit had been denied. There was no dispute that her application for permit for the year of the contract here in question was given to the county superintendent of schools, nor that a permit would have been issued to her by the state superintendent if the application had been transmitted to him. The failure of the county superintendent to follow his usual procedure, which normally resulted in issuance of a permit, was due to defendant's cancellation of plaintiff's contract. To permit defendant to escape liability on the contract with plaintiff because of her failure to obtain a permit, when the unwarranted cancellation of her contract by the school district made it impossible for her to procure such permit, would be an injustice.

Counsel also contends that plaintiff is not entitled to recover because she did not present herself at the Sisson school

as her contract required, but rather tendered her services at the Modena school. There is nothing to the point. It was common knowledge that the consolidated district was operating only the Modena school and that the Sisson school was closed. The school districts had a right to consolidate and to operate only one school in the interests of economy. The districts entering into the consolidation, however, cannot thereby escape obligations legally incurred prior to the consolidation.

We conclude that the trial court erred in directing a verdict for the defendant. Since the question of whether plaintiff failed to accept similar employment and reduce damages which she sustained is properly a jury issue, it will be necessary to have a new trial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

BROADFOOT, J., took no part.