CHIDESTER SCHOOL DISTRICT No. 50 *v.* FAULKNER.

4-9330                                                     235 S. W. 2d 870

Opinion delivered January 22, 1951.

240

*L. B. Smead,* for appellant.

*C. Stanford Harrell* and *J. Bruce Streett,* for appellee.

HOLT, J.    February 10, 1949, the Directors of School District No. 14, Ouachita County (referred to as Reader District) entered into written contracts with appellees, Mr. and Mrs. Faulkner, to teach a nine months term of school to begin September 5, 1949, at salaries of $200 and $140 per month, respectively.  These contracts were authorized at a meeting of the Reader School Board at which all three members were present, and were signed by two board members, along with appellees.

June 1, 1949, by proper procedure under Initiated Act No. 1 of 1948 (Ark. Stats., 1947, Cumulative Pocket Supplement 1949, § 80-426, *et seq.*), Reader District was consolidated with appellant, Chidester District No. 59. The appellant, district, and its directors refused to accept and honor appellees' contracts with the Reader District and the present suit was instituted by appellees to enforce ''specific performance (of the contracts) and for judgment against the defendant (Chidester District) for the amount due under their contracts,'' etc.

There was a trial, and a decree on April 25, 1950, awarding Mr. Faulkner $1,800 and $1,260 to Mrs. Faulkner. During the trial, the parties stipulated in accordance with the following findings of the Chancellor: ''The Court

further finds that counsel for plaintiffs and defendants have agreed that if a decree is entered in favor of plaintiffs, that the amount of the judgment to which each of them will be entitled is the full sum due under their contracts.''

The material facts appear to be practically undisputed.

Appellants state the issues as follows: ''The theory of the appellees upon the trial was that the Chidester District was bound under the law to either employ them as teachers or to pay their salaries. The theory of the appellants is that, while they recognize the law to be that a school district is bound to carry out all contracts which have been, in good faith, entered into by a district which is annexed to it, that the contracts here were made at a time and under such circumstances that they were tainted with either actual or constructive fraud and not valid.''

They further argue that the contracts were void because they would extend beyond the term of all the members of the Board in office at the time, because they were executed only for use by the Gurdon District, because of impossibility of performance and finally because appellees were not qualified.

As indicated, the record reflects that all three of the Reader District directors were present at the regular meeting of the Board when the contracts here were authorized and approved. They were signed by appellees and two members of the Board. These directors, along with appellees, testified positively (and without contradiction) that there was no fraud, actual or constructive, or collusion in the execution of these contracts. The directors were familiar with the provisions of Act No. 1. Appellees were excellent teachers and fully qualified and at all times stood ready to perform under the contracts, and it is undisputed that they had been unable to secure other employment during the nine months period for which they were employed to teach.

The primary and decisive question is whether these contracts, in the circumstances, were valid. We hold that they were.

Section 4 of Act 1, above, (§ 80-429, 1949 Supplement), provides: "Construction of Act.—No construction shall be given to any part of this Act (§§ 80-426—80-429) that would result in impairing the obligations or any valid contract of any school district. Except as otherwise provided in this Act, all matters of reorganization and annexation of school districts undertaken under the provisions of this Act shall be made in accordance with existing laws. (Init. Meas. 1948, No. 1, § 4, Acts 1949, p. 1414)."

It thus became the duty of the Chidester District, to which Reader had been annexed, to honor and perform all valid contracts of the Reader District.

Here, the Faulkners were employed for a nine months term. The fact that the term would extend beyond the term of all the Board members in office when the contracts were made (February 10, 1949) does not, as appellants argue, make them void.

In *Gardner* v. *No. Little Rock Special School District*, 161 Ark. 466, 257 S. W. 73, this court approved the general rule announced in 24 R.C.L., page 579, as follows: "In the absence of an express or implied statutory limitation, a school board may enter into a contract to employ a teacher or any proper officer for a term extending beyond that of the board itself, and such contract, if made in good faith and without fraudulent collusion, binds the succeeding board. It has even been held that, under proper circumstances, a board may contract for the services of an employee to commence at a time subsequent to the end of the term of one or more of their number and subsequent to the reorganization of the board as a whole, or even subsequent to the terms of the board as a whole. The fact that the purpose of the contract is to forestall the action of the succeeding board may not, of itself, render the contract void. But a hiring for an unusual time is strong evidence of fraud and collusion, which, if present, would in-

validate the contract." See, also, *School District No. 45, Pope County* v. *McClain,* 185 Ark. 658, 48 S. W. 2d 841.

The fact that the contracts here were signed by only two of the directors of the Reader District does not invalidate them for the reason that it is undisputed that they were authorized and made at a regular meeting, attended by all three of the members of the Board and all voted for the execution of the contracts.

The rule announced in *Center Hill School District No. 32* v. *Hunt,* 194 Ark. 1145, 110 S. W. 2d 523, applies with equal force here. There we held (Headnote 2): "Schools and School Districts—Contracts with Teachers. —Though one of the three directors had moved out of the district, where all of them, without notice of a meeting, got together to employ a teacher, a contract signed by two of the three of them was valid, since where all participated in the meeting notice was not necessary."

As to appellants' contention that the contracts were executed for use by the Gurdon District, but little need be said. The preponderance, if not all of the evidence, supports the following findings of the Chancellor: "The testimony shows that there was some effort made by the Reader District to consolidate with the Gurdon District, in Clark County. The effort to consolidate with the Gurdon District was never consummated, and, as the court sees it, the effort to consolidate with the Gurdon District has no material bearing on the issues involved in this action."

The fact remains that the Reader District was properly consolidated with the Chidester District, and as pointed out, Chidester District was liable for Reader's valid contracts.

Finally, appellants say that appellees were not qualified to teach in the Chidester District. This contention is without merit. Ark. Stats., 1947, § 80-1209, provides: "No teacher shall be employed in any common school of the State who is not licensed to teach in the State of Arkansas, by a license issued by the State Board of Education."

It is undisputed that both appellees held certificates to teach in this State, issued by the State Board of Education. See *Lee* v. *Mitchell,* 108 Ark. 1, 156 S. W. 450.

Having concluded that the contracts here involved are valid, and in view of the stipulation of the parties above to the effect that should we hold the contracts valid (as we do), each of the appellees would be entitled to recover the full amount set out in their contracts, the decree is in all things affirmed.