Verna D. Lippincott, Appellee, v. Board of Education of Community Unit School District Number Five of County of Coles, Appellant.

Gen. No. 9,704.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

Cotton & Massey, of Paris, for appellant; Robert F. Cotton and Earl R. Anderson, both of Paris, of counsel.

CRAIG & CRAIG, of Mattoon, for appellee; J. H. ANDERSON, of Mattoon, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

This appeal is by defendant, Board of Education of Community Unit School District No. 5, Coles county, from a judgment for $1,800 against defendant and in favor of plaintiff, Verna D. Lippincott, of the circuit court of that county. The case was tried without a jury. There is no dispute as to the material facts.

District No. 2 in that county existed and operated for several years immediately prior to July 1, 1948. On July 1, 1948, District No. 2 was annexed to and absorbed by and with other territory became a part of District No. 5, which last district first became a legal entity on July 1, 1948. District No. 2 ceased to exist on that date.

Plaintiff was continuously employed as a school teacher by District No. 2 from 1920 to the end of the school year 1947, 1948. Her salary for the year 1947–1948 was $1,500.

Shortly after school began in 1947 she became ill and, because of such illness, did not teach from September 20, 1947, until the second Monday after Christmas, when she continued teaching to the end of the school year 1947–1948.

On March 15, 1948, the board of District No. 2 met and unanimously adopted a motion that all teachers be "offered" contracts for the following year. On April 12, 1948, such board unanimously adopted a motion raising the salaries of all teachers $300 per year. About April 13, 1948, plaintiff signed an $1,800 per year contract for the school year 1948–1949, tendered her by such board, which instrument at the time she signed it bore the signatures of the president and secretary of such board. No yea or nay vote was taken by the board on any of said propositions.

644

On July 22, 1948, the secretary of the board of District No. 5, wrote plaintiff a letter which stated that at a regular meeting the board took action requiring her to take a complete health examination "by a legally certified health clinic designated by this board before assigning you to a teaching position in this unit district. . . . This action was taken because of your illness during the last school year which interfered with the normal educational progress of your second grade pupils. . . . after the examination has been given and the clinic certifies that your health is such that they recommend your continuance in teaching in the public schools of Illinois, the . . . Board . . . will pledge their loyal support during your tenure under this board."

Plaintiff did not take the examination as requested, and made no reply to such letter until August 21, 1948, when she wrote a letter to the president of the board of District No. 5 which stated, "Enclosed herewith you will please find photostatic copies of my State of Illinois Teacher's Certificate . . . registered August 16, 1948, by the superintendent of schools of Coles County for the ensuing school year, also of forms H. Health Examination Records completed by J. F. Henderson, M.D., Oakland, Illinois, and John R. Alexander, M.D., Charleston, Illinois, indicating that my physical condition merits my continuing to teach school. I hereby make myself available to enter duty as a teacher" in District No. 5 "effective at the opening of the next ensuing school term on August 30, 1948, pursuant to my contract heretofore entered into with" District No. 2. . . . "The originals of the . . . photostatic copies . . . will be presented upon request. . . . You are further hereby notified that I intend to report . . . for assignment to duty . . . on August 30, 1948, . . . ."

645

The photostatic copies of health certificates were on forms of the Illinois State Examining Board for Teachers' Certificates, and stated that on August 13, 1948, she was examined by a physician (selected by her), and on August 16, 1948, by another physician (selected by her), and that on each of such dates her health was good and she was able physically to teach school.

On the morning of August 30, 1948, she went to the office of the superintendent of schools of defendant and was then told by the superintendent, "I have nothing for you." She testified that during the school year 1948–1949, she was ready, willing and able to teach for defendant and did not acquire any other employment during that year. She was not cross-examined and there is no evidence tending to show that during the school year 1948–1949 she had or could have had other employment.

Plaintiff's complaint consisted of two counts. Each count is based on plaintiff's claim that District No. 5 having completely absorbed District No. 2 must assume and is bound by the contractual obligations of District No. 2. We agree with this contention.

In *Kocsis v. Chicago Park District,* 362 Ill. 24, 32, the court said, "Where two or more municipal corporations are consolidated or the entire territory of one municipal corporation is annexed to another, unless the legislature otherwise provides, the contracts and indebtedness of the corporations which are consolidated or annexed become the contracts and indebtedness of the consolidated or annexing corporation. . . ." No statute has been called to our attention which "otherwise provides" as to school districts. In *People v. Deatherage,* 401 Ill. 25, 45, the court said, "Confusion, to the extent of impairing teachers' property rights belonging to them under the Teacher Tenure Law . . . is allegedly created because the Community Unit

646

School Act does not provide what shall happen to such tenure rights. The confusion is neither apparent nor real. Under the rule stated in *Kocsis v. Chicago Park District,* 362 Ill. 24, teachers in a district wholly absorbed into a community unit school district will find their contractual rights unimpaired, for the new district stands in the place of the old one.''

Defendant cites *Spence v. Selcke,* 404 Ill. 98. We do not consider such case in point.

Count one of the complaint is based on the further claim of plaintiff that the foregoing facts with reference to the proceedings of the board of District No. 2 on March 15th and on April 12th, 1948, and the alleged contract so signed by her on April 13, 1948, show she had a valid contract with District No. 2 for the school year 1948–1949, and that therefore the defendant had to assume the obligations of said contract. We do not agree that she had such a valid contract.

Section 6–10 of the School Code (ch. 122, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 123.784]) provides that ''On all questions involving the expenditure of money, the ayes and nays shall be taken and entered on the records of the proceedings of the board.'' This procedure was not followed by District No. 2 with reference to the hiring of plaintiff for the school year 1948–1949.

It now appears settled law that there can be no waiver of the above statutory provision. (See *People v. Chicago & E. I. Ry. Co.,* 314 Ill. 352, 358; *Ready v. Board of Education,* 297 Ill. App. 342, and *Kimmel v. Board of Education,* 244 Ill. App. 257.)

It is therefore our opinion that the alleged contract which plaintiff sued on in Count 1 is not enforceable.

Plaintiff contends that section 6–10 has been repealed by sections 6–22 and 24–2 [Jones Ill. Stats. Ann. 123.796 and 123.1125] of the same statute. We

consider it sufficient to say that it is our opinion there is no merit to such contention.

Plaintiff contends that inasmuch as defendant filed no verified plea denying the execution of the contract with District No. 2, the authority of the officers who signed it cannot be questioned, and that therefore the record before us shows the contract was a valid and binding obligation of District No. 2.

The statute relied upon by plaintiff on this question is par. 2 of sec. 35, of the Civil Practice Act (ch. 110, par. 159, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.035]) which provides: ''The allegation of the execution or assignment of any instrument in writing shall be deemed to be admitted unless denied by a pleading verified by oath, unless such verification is excused by the court.''

Defendant's answer, among other things, denied that the alleged contract was entered into, and denied that defendant was bound by any alleged agreement. Plaintiff did not ask leave to file Count 2 until she had practically finished her case in chief, and did not then present Count 2. During the introduction of her evidence the defendant contested the validity of the alleged contract and objected to its admission in evidence because it was not entered into in accordance with a resolution passed by a proper yea and nay vote. The plaintiff introduced as her Exhibit 6 an excerpt from the minutes of the board of District No. 2 on March 15, 1948, which excerpt showed that the motion therein referred to was not adopted by a yea and nay vote. The trial court admitted the agreement into evidence subject to the objection above made. From the record it is apparent that counsel on both sides and the court deemed it proper for defendant to raise the objection without a verified pleading, and that the court in effect properly excused the filing of a verified denial of the execution of the alleged contract.

Count 2 of the complaint is based on the further claim that plaintiff is entitled to recover because of her continued contractual rights under the Teacher Tenure Law. (Art. 24 of School Code [Ill. Rev. Stat. ch. 122, par. 24.1 *et seq.;* Jones Ill. Stats. Ann. 123.1124 *et seq.*].)

Section 24–1 of the School Code provides that the board of directors on or before April 25th of each year in which any regular employment contract expires, shall in writing notify each teacher employed by it whether he will or will not be re-employed, that if any teacher is not to be re-employed, reasons therefor shall be given in writing by the board of directors, and that if the board fails so to give notice of its determination not to re-employ, the employee shall be deemed re-elected on the same terms as for the then closing year or period of service as the case may be, and not later than the close of the then current school term the board shall issue a regular contract to the employee as though the board had re-elected him in the usual manner.

Section 24–2 provides that any teacher who has been employed in any district as a full-time teacher for a probationary period of two consecutive years shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least sixty days before the end of such period, and that contractual continued service shall continue in effect the terms and provisions of the contract with the teacher during the last year of the probationary period ''subject to the provisions of this act and the lawful regulations of the employing board.''

No notice was given plaintiff by anyone that she would not be re-employed until she so reported for work on August 30th, and no attempt was made by the board of either district at any time to dismiss the plaintiff.

■ Applying to the facts the foregoing statute and rules of law, it is our opinion that the plaintiff, at the time when District No. 2 was absorbed by District No. 5, was in the position of having and had, as a matter of law, a valid contract with District No. 2 to teach school for the year 1948–1949, on the same terms as provided for in her contract for the preceding year, and that when District No. 5 so absorbed District No. 2 it became and is liable on such contract.

■ Defendant contends that plaintiff "failed to secure a physical examination within the time or by the physician demanded by" the defendant before her employment and that both were reasonable demands and "within the powers of the board as fixed by the School Code,"—without citation of any particular section of the School Code. The only section of the School Code on such subject which we find is section 22–5 [Ill. Rev. Stat. ch. 122, par. 22–5; Jones Ill. Stats. Ann. 123.1117] which provides that "school boards may require teachers in their employ to furnish from time to time evidence of physical fitness . . . ." The only evidence of ill health on her part, as stated, is that she was incapacitated by illness for a few months in the fall of 1947. In our opinion the trial judge was justified in finding, in effect, that the plaintiff furnished the evidence required by section 22–5.

■ Inasmuch as plaintiff's contract for the year 1947–1948 provided for a yearly salary of $1,500 we are of the opinion and find that the plaintiff is entitled to a judgment for $1,500 instead of $1,800 as entered by the trial court.

For the reason stated the judgment of the trial court is reversed and judgment is entered here for the plaintiff and against the defendant in the sum of $1,500.

*Judgment of trial court reversed and judgment here for $1,500.*