NICHOLSON *v.* ASH FLAT SCHOOL DISTRICT No. 4.

4-9825                                      249 S. W. 2d 983

Opinion delivered June 23, 1952.

788

*Shelby C. Ferguson* and *S. M. Bone,* for appellant.

*Chas. F. Cole,* for appellee.

ROBINSON, J. Appellant, Clayton Nicholson, filed suit against appellee, Ash Flat School District No. 4, for damages alleging breach of contract of employment between Nicholson and Peace Valley School District No. 13, which District had consolidated with and become part of Ash Flat District.

The contract provides that Nicholson shall teach the Peace Valley school for an eight-month period beginning July 19, 1948, and further provides: "This contract shall be renewed and continued in force on the same terms and for the same salary, unless increased by the provisions of law, for the school year succeeding the date of termination fixed herein; unless within 10 days after the date of the termination of said school term, the party of the second part shall be notified by the party of the first part in writing delivered in person, or mailed to party of the second part at last and usual known address by registered mail that this contract will not be renewed for such succeeding year, or unless party of the second part,

within ten days after the close of the school term, shall deliver or mail by registered mail to said party of the first part his written resignation, or unless this contract is superseded by another contract between the parties.''

Notice as provided by the contract was not given to Nicholson that the contract would not be renewed for the succeeding school year. Nicholson offered his services as a teacher to Ash Flat, but was refused employment.

On June 11, 1951, he filed this suit praying for judgment in the sum of $800—$100 per month for eight months —as provided in the contract. In its answer, the School District denied the allegations of the complaint and affirmatively alleged a termination of the agreement by mutual consent of the parties, and further alleged that Nicholson had breached the contract by failing to hold school at the time provided by law and by the contract; that Nicholson had failed to present a health certificate as required by law, and that he did not have enough semester hours of college credits to qualify him to teach in the Ash Flat schools. A jury was waived and the cause submitted to the court. The judgment was in favor of the School District.

There is no substantial evidence in the record going to show that the contract was terminated by mutual consent of the parties, or that appellant breached the contract by failing to hold school as required by the terms thereof. Also, the evidence fails to show that appellant does not have sufficient training to qualify him as a teacher in the Peace Valley school, where the contract required that he teach. In fact, Nicholson held a teacher's certificate issued by the Commissioner of Education authorizing him to teach. By reason of the consolidation Ash Flat became liable on valid contracts theretofore entered into by Peace Valley School District No. 13. *Chidester School District No. 50* v. *Faulkner,* 218 Ark. 239, 235 S. W. 2d 870.

The only real issue here is the one upon which the trial court decided the case. The court held that the law with regard to the teacher presenting to the secretary of the school board a health certificate had not been com-

plied with, and the contract was therefore unenforceable. Ark. Stats. § 80-1210 provides:

"Hereafter all school teachers, school bus drivers, school cafeteria employees, school janitors, and all other school employees, within this State shall present a certificate of health stating that said individual is free from any and all forms of contagious or infectious diseases, including tuberculosis, and that the status of the individual regarding possible tuberculosis infection must be determined by an X-ray examination of the chest by roentgenograms. If no signs of active tuberculosis are found by X-ray examination, the individual has met the requirement. If there is evidence of possibly active tuberculosis, the individual must undergo sufficient additional tests and examinations to determine communicability. Certificate of physical examination may be issued by a regularly licensed physician or regularly constituted health authority, but interpretation of all X-ray films must be made by a competent roentgenologist. The certificate of health shall be presented to the secretary of the school board before a contract shall be entered into between the school board and said applicant, and said certificate of health shall bear date not longer than two (2) years prior to application, unless the employment of said individual is done in an emergency, in which case, the applicant will be given (3) months in which to comply with this Act."

The outcome of this case depends on the construction of the above quoted Statute. The answer sets up the defense that plaintiff did not present the health certificate as required by law. It is true that the Statute provides that such certificate shall be presented to the secretary of the school board before a contract shall be entered into between the school board and the applicant. But, according to the undisputed evidence, no request was made of Nicholson to present a health certificate and he was not informed that his services were no longer required because he did not have one. In fact, Nicholson testified that he got his health certificate in 1928 or 1929 and that he had regular check-ups and X-rays since that

time; that he had his last check-up in 1948. Furthermore, there is no substantial evidence to the effect that Nicholson was refused employment by the Ash Flat School District for failure to present a health certificate.

It appears that the question of the health certificate was raised for the first time by defendant Ash Flat School District in its answer. We do not believe that § 80-1210, Ark. Stats. means that a school district can declare void a teacher's contract because no health certificate was presented at the time of the signing of the contract where no request was made for the presentation of such certificate, and there is no showing whatever that the teacher did not have such certificate. The Statute does not declare void contracts made in such circumstances. Of course, the situation would be entirely different if, at the time of the signing of the contract, or subsequent thereto, the teacher was asked to exhibit a health certificate and failed to do so. In such a situation, the school would be justified in terminating the contract then and there.

But, here, appellant taught in the school for one entire term and no complaint was made about his not having a health certificate, and, when he offered his services for the succeeding school term, no complaint was made to him in this regard. There is evidence that he had regular medical check-ups and that he could have furnished the health certificate if so requested, and there is no evidence to the contrary. In these circumstances, we do not believe that the teacher's failure to exhibit a health certificate at the time of signing the contract rendered the contract void.

Reversed and remanded for a new trial.