No. 41,091

Marguerite Shirley, *Appellee,* v. School Board of School District No. 58, West Union School, and Rossville School Board of District No. 34, *Appellants.*

(332 P. 2d 267)

Opinion filed December 6, 1958.

J. A. Babicki, of Topeka, argued the cause, and was on the brief for the appellants.

*Wayne Probasco,* of Topeka, argued the cause, and *Harold E. Doherty,* of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is a suit by a school teacher to recover the amount of her salary for the school year of 1956-1957 from the appellant school boards.

The district court heard the case without a jury and rendered judgment in favor of the teacher for the full amount specified in her contract of employment. The school boards have appealed.

The following facts were pleaded by the plaintiff and proved at the trial not only by her own evidence, but in most situations by testimony of members of the school board. The plaintiff had been the teacher at the West Union School during the school year of 1955-1956. Sometime in March of 1956, there had been talk of consolidating the school district with another. The question was voted on by the electors of the district and it was decided to continue school for the coming year. Thereafter, on April 20, 1956, the teacher and the members of the school board entered into a regular written contract employing the teacher for the ensuing school year of 1956-1957 at an annual salary of $2,800 to be paid in twelve equal payments. The contract was on the form supplied by the county superintendent of schools and was regular in every particular. There seems to have been some discussion at the time of the signing of the contract about a proposed rider to be attached thereto. This rider would have made the contract subject to the continuation of school for the coming year. The teacher objected to having this rider attached to the contract and said she would not sign the contract if it were so attached. Mrs. Miller, one of the members of the school board, testified that she then tore the rider off the contract, and that the contract was signed without the rider being attached thereto.

The annual meeting of the school district was held on the first Friday in June in accordance with G. S. 1957 Supp. 72-401. The first Friday of June fell on June 1, 1956, and a budget of $5,400 was approved and the members of the school board were elected for the coming year. A copy of the contract with the teacher was duly filed with the county superintendent of schools.

Thereafter, the county superintendent raised some rather technical question about the election of the treasurer of the school board and advised that it would be necessary to have another meeting of

the school district. It might be noted that the county superintendent was quite anxious that the school district be consolidated. At the special meeting called on June 21, 1956, the first matter of business became the continuation of the West Union School for the ensuing year and the meeting then voted to annex the West Union School District to that of the Rossville School District. The county superintendent was present at that meeting and on the next day of June 22, 1956, he called the plaintiff school teacher on the telephone and advised her of the vote to consolidate the two school districts. The evidence is sufficient to show that the teacher on or about June 30, 1956 and on July 15 of that year talked with the members of the Rossville School District asking that she be allowed to teach in the new district. There is evidence that she applied and offered to teach at Rossville at the beginning of the school year and that she continued to demand that her contract be honored. It is also shown that she attempted to find other employment as a teacher, but could not find an opening after June, 1956, for the coming year.

The district court at the end of the case entered a judgment for the plaintiff for the full amount of her contract.

In the court below, the defendants filed various objections to plaintiff's petition, to her evidence at the trial, and after the judgment in plaintiff's favor a motion for new trial was filed and overruled by the trial court. Nothing would be gained by a consideration of these various objections separately. All of them have been fully considered and found to be untenable.

It will be noted that the contract of the plaintiff in this case was within the authority of the school board, G. S. 1957 Supp. 72-1028. Furthermore, the contract was fully valid under the provisions of G. S. 1957 Supp. 72-5411. The principles governing this case were fully set out in *Fuller v. Consolidated Rural H. S. Dist.*, 138 Kan. 881, 28 P. 2d 750. In the opinion of the Fuller case, this court said:

"Pursuant to the practice of engaging teachers in the spring for the school year beginning the next fall, the board of a school district, which, for convenience, may be called the Louisville district, entered into a contract with plaintiff to teach school for a term of nine months, commencing September 7, 1931. The contract was signed on April 20, 1931, was in the form prescribed by the state department of education, and provided that plaintiff should be paid a salary of $145 per school month, payable monthly. After the contract was signed, petitions were circulated in the Louisville district for the calling of an election to vote on a proposition to consolidate the district with another, which, for convenience, may be called the Wamego district. The election was held on June 16, and the vote was favorable to consolidation. On June 29 the

Wamego district voted to consolidate. The county superintendent designated the consolidated district as Consolidated Rural High School District No. 1, Pottawatomie county, Kansas. About July 13 officers constituting a school board for the consolidated district were elected. The consolidation proceedings were instituted and consummated pursuant to Laws 1931, chapter 275. School opened in the consolidated district at Wamego on September 7. Plaintiff was not employed as a teacher in the school of the consolidated district. . . .

"It is true continued existence of the Louisville and Wamego districts was wholly dependent on the will of the legislature, and they could be disorganized, as they were disorganized, by proceedings prescribed by the legislature. When, however, the legislature creates corporate instrumentalities for the accomplishment of public purposes, permits them to operate, and in the course of operation to acquire property and incur debts, there must be a sort of winding up of the corporate business after dissolution. The property must go somewhere, and the debts must be paid by somebody. When, as in this instance, consolidation takes place and a new corporation comes into existence comprising the territory of the districts which were consolidated, the consolidated district takes the property and pays the debts. The legislature may provide what shall become of the property, and may provide how the debts shall be paid; but in the absence of specific statutory provisions, the rule just stated prevails."

The principles of the Fuller case still govern the winding up of the affairs of consolidated school districts, see G. S. 1957 Supp. 72-834.

Since no error has been made to appear in the judgment of the district court, the same should be affirmed.

It is hereby so ordered.