[Civ. No. 9680.   Third Dist.   Dec. 18, 1959.]

OLIVE STRUTHERS, Appellant, v. BOARD OF TRUSTEES OF THE PLEASANT VALLEY SCHOOL DISTRICT et al., Respondents.

[Civ. No. 9681.   Third Dist.   Dec. 18, 1959.]

AGNES SHINN, Appellant, v. BOARD OF TRUSTEES OF THE PLEASANT VALLEY SCHOOL DISTRICT et al., Respondents.

McGilvray, McGilvray & Cameron for Appellants.

Jack R. Winkler, District Attorney (El Dorado), for Respondents.

SCHOTTKY, J.—Plaintiffs in the two above-numbered cases which were consolidated for hearing have each appealed from an order denying a peremptory writ of mandamus. Except for the difference in the names of the plaintiffs, both cases involve identical facts and upon stipulation have been consolidated for the purpose of this appeal. The order denying a peremptory writ in each case followed orders sustaining demurrers to each petition without leave to amend.

The facts as alleged in each petition show that the petitioners, Olive Struthers and Agnes Shinn, were probationary teachers employed by the Pleasant Valley School District for the school year 1957-1958. On April 8, 1958, the electorate of the district approved the annexation of the Pleasant Valley School District to the Gold Oak Union School District. By virtue of section 1591 of the Education Code the annexation was effective on July 1, 1959, and on that date the Pleasant Valley School District ceased to exist. For the school year 1958-1959 Pleasant Valley School District entered into an agreement with the Gold Oak Union School District to educate the pupils residing within the district and closed the school it formerly operated. Petitioners were refused employment by both districts. They were not given written notice by either district prior to May 15, 1958, that they would not be reelected as teachers for the 1958-1959 school year. They were first informed that they would not be rehired by a letter from the County Superintendent of Schools dated August 6, 1958. Petitioners alleged, and contend upon this appeal, that because of the failure of the school districts to give them notice as required by section 13582 of the Education Code they were automatically rehired for the school year 1958-1959.

The question to be determined upon this appeal is whether or not, in a case where one school district has been annexed to another, a probationary teacher who does not receive notice prior to May 15th that her services are not needed for the ensuing school year must be employed by either district.

The answer to this question requires a consideration of the pertinent sections of the Education Code which are:

Section 1591. ". . . [A]ny action undertaken to form a new school district of any type or class, to annex or unite any

territory or school district to or with another school district, to withdraw or exclude territory from any school district, to unionize or merge two or more school districts, to disestablish or disincorporate any school district, or to change the boundaries of any school district, shall be effective as herein provided:

. . . . . . . . . . . . . . .

"(b) Any such actions completed on or after February 1st of any school year shall become effective on the second succeeding first day of July, *except as herein otherwise provided.*" (Emphasis added.)

Section 1592. ". . . An order of a board of supervisors attaching the territory of any lapsed elementary school district to one or more adjoining districts shall be effective as of the date of the order for all purposes."

Section 1593. ". . . In the case of every other action referred to in this article, the action shall be effective on the date the action is completed for the following purposes:

. . . . . . . . . . . . . . .

"(d) The election or appointment of employees for the ensuing school year."

Under section 1591 the annexation of the Pleasant Valley School District to the Gold Oak Union School District became effective on July 1, 1959, for all purposes but those specified in the exceptions. For the purpose of "election or appointment of employees for the ensuing school year," the annexation was effective on the date the annexation was "complete," i.e., April 8, 1958. ▓▓ The effect of the annexation of one district to another is that the former ceases to exist, while the latter district continues in existence augmented by the territory and other attributes of the former district. (25 Ops. Cal. Atty. Gen. 301, 302; 21 Ops. Cal. Atty. Gen. 150, 151; *Los Angeles etc. School Dist.* v. *Culver etc. Dist.*, 97 Cal.App.2d 300, 303 [317 P.2d 693].)

Section 13093 which deals with the classification of teachers where districts are unified provides in part:

". . . If such employee is a probationary employee of the district which formerly maintained such school or other place of employment, he may be employed by the district which thereafter maintains the school or other place of employment, and if so employed, his status with respect to classification by such district shall be the same as it would have been had the school or other place of employment continued to be maintained by the district which formerly maintained it."

Section 13582 provides:

". . . On or before the fifteenth day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year."

■ It may be taken as settled by our courts that the written notice provided for in section 13582 of the Education Code is mandatory (*Darby* v. *Biggs School Dist.*, 15 Cal.App. 2d 218 [59 P.2d 167]; *Knickerbocker* v. *Redland High School Dist.*, 49 Cal.App.2d 722 [122 P.2d 289]) and respondents state: "Respondents in no way question the authority of these cases nor their interpretation of section 13582 of the Education Code. Were it not for the fact of an intervening annexation, Respondents would concede that the Pleasant Valley School District would be bound to contract with appellants for the 1958-1959 school year under the rule of the *Darby* case."

Respondents argue, however, that under the provisions of section 1593 the annexation of the Pleasant Valley School District to the Gold Oak Union School District became effective on April 8, 1958, and the governing board of the Pleasant Valley District lost the power to reemploy any employee for the school year 1958-1959, and such power passed to the governing board of the Gold Oak Union School District. Respondents then proceed to argue that the Gold Oak Union School District was not required to give appellants notice of termination. Respondents state: "Section 13093 of the Education Code specifically answers this question in the negative. Had the Legislature imposed a duty upon the Gold Oak Union School District to employ the probationary teachers of the Pleasant Valley School District, it would have used the mandatory word 'shall' with respect to employment of the annexed district's probationary employees, as it did in the case of permanent employees." Respondents argue also that section 19 of the Education Code provides that the word "shall" is mandatory and that the word "may" is permissive, and there was therefore no obligation on the part of the Gold Oak Union School District to employ appellants.

■ We are unable to agree with respondents' construction of the provisions of the Education Code, which construction was adopted by the trial court. We believe that upon the completion of the annexation on April 8, 1958, it became the duty and responsibility of the Gold Oak Union School District to give notice in writing to appellants on or before May 15th if their services were not to be required for the ensuing school

year. Section 13093, *supra,* states that if such employee is a probationary employee of the district which formerly maintained such school or other place of employment, he may be employed by the district which thereafter maintains the school or other place of employment, and, if so employed, his status with respect to classification by such district shall be the same as it would have been had the school or other place of employment continued to be maintained by the district which formerly maintained it. These statutes indicate a legislative policy to protect the positions and classifications of certificated employees and so far as possible probationary employees. The employment of any probationary employee may be terminated at will (there is an exception if the district is over a certain size which is not applicable here) and for that reason the word "may" rather than "shall" was used in section 13093 when the Legislature was speaking of probationary employees. The code also specifies a probationary teacher must be given notice in writing if she is not to be reemployed. Section 1593, subdivision (d), says the action of unification is effective when it is completed for the purpose of appointing employees for the ensuing school year. This then would mean that the successor district would be the one upon which devolved the duty to give notice to the employee. There is no statute which indicates that all probationary teachers of the absorbed district are automatically without a position at the end of the school year when unification takes place.

The use of the word "may" in section 13093 did not give respondent Gold Oak Union School District the right to terminate the employment of petitioners without giving to them the written notice required by section 13582. It is to be noted that section 13582 also states the governing board "may" give notice in writing to a probationary employee and that, as hereinbefore pointed out, that section has been construed as making it mandatory that written notice be given if the teacher is not to be reemployed. The reason that section 13093 used the word "shall" with reference to certificated employees and the word "may" with reference to probationary employees is that permanent employees are protected in their employment by the tenure law, whereas the employment of probationary employees may be terminated at the option of the governing board. However, in order to exercise its option not to reemploy probationary teachers, the governing board must give notice as required by section 13582.

We are not aware of any California decision in which the precise question here involved was considered, but the rule

in other jurisdictions appears to support the position of appellants.

In *Nicholson* v. *Ash Flat School District No. 4*, 220 Ark. 787 [249 S.W.2d 983], the plaintiff brought an action for breach of contract with the predecessor district. The contract provided that the plaintiff would teach a certain school for a term beginning July 19, 1948. It also contained a provision that the contract would be renewed and continued in force unless within 10 days after the termination of the school term the district notified the teacher in writing that the contract would not be renewed. The district was consolidated. No notice was given to the plaintiff and he offered his services for the ensuing year to the successor. The court held that by reason of the consolidation the successor became liable on all valid contracts entered into by the predecessor. The case is analogous to the facts in the instant case. Here the teachers had a contract. By the terms of a statute this contract was automatically renewed unless notice in writing was given by a certain date. No notice was given. It would seem that they were entitled to notice before such contract would terminate. (See also *Lippincott* v. *Board of Education*, 342 Ill. App. 642 [97 N.E.2d 566] ; *Shirley* v. *School Board of School Dist. No. 58*, 183 Kan. 748 [332 P.2d 267] ; *Nyre* v. *Joint School Dist. No. 1*, 258 Wis. 248 [45 N.W.2d 614].)

We conclude that the court erred in sustaining the demurrer of appellants without leave to amend, and in making its order denying peremptory writs of mandate to appellants.

The order is reversed.

Van Dyke, P. J., and Peek, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied February 10, 1960.