Lillie HILTON, Jerusha Hobbs, Verna Scrubbs, Shirley Kearney, and Geneva Eatmon *v.* PINE BLUFF PUBLIC SCHOOLS

87-334                                               748 S.W.2d 648

Supreme Court of Arkansas
Opinion delivered May 9, 1988

*Mitchell and Roachell*, by: *Marcia Barnes*, for appellants.

*Mitchell, Williams, Selig & Tucker*, by: *Jeffrey H. Thomas*, and *Ramsey, Cox, Bridgforth, Gilbert, Harrelson & Starling*, by: *Spencer F. Robinson*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the responsibility of a school district, when merging with another

district, to honor the teaching contracts of the dissolved district. Jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c).

Appellants Lillie Hilton and Geneva Eatmon, nonprobationary teachers in the Linwood School District, and appellants Jerusha Hobbs, Shirley Kearney, and Verna Scrubbs, probationary teachers in the district, contracted to teach in the district for the 1983-1984 school year. In the 1983-1984 school year, Linwood and the appellee, the Pine Bluff School District (Pine Bluff Public Schools), negotiated a merger of the two districts for the 1984-1985 school year. Sometime in May of 1984, Superintendent Daniels of the Linwood District mailed an undated letter to the district's teachers informing them of the potential merger and requesting that they waive their statutory right to notice of nonrenewal guaranteed by Ark. Code Ann. § 6-17-1506 (1987), formerly Ark. Stat. Ann. § 80-1266.3 (Supp. 1985), of the Teacher Fair Dismissal Act of 1983 [Ark. Code Ann. §§ 6-17-1501—6-17-1510 (1987), formerly Ark. Stat. Ann. §§ 80-1266—80-1266.10 (Supp. 1985)]. All of the appellants refused to waive this statutory right.

Linwood did not give the appellants notice of nonrenewal by May 1, 1984, as required by § 6-17-1506. On July 1, 1984, the Pine Bluff and Linwood School Districts merged. Subsequently, the Pine Bluff School District refused to honor the appellants' contracts for the 1984-85 school year. In addition, it denied their applications for teaching positions for the 1984-1985 school year.

Appellants then filed an action in federal district court alleging violations of their fifth and fourteenth amendment due process rights and of the Arkansas Teacher Fair Dismissal Act. The district court dismissed the complaint for lack of subject matter jurisdiction. The Eighth Circuit Court of Appeals affirmed the district court.

On October 3, 1986, the appellants filed a breach of contract suit in Jefferson County Chancery Court seeking reinstatement and backpay. Appellees filed an answer and motion for summary judgment. Thereafter, the case was transferred to circuit court. Based upon our holding in *Woodard* v. *Wabbaseka-Tucker Public School Dist.*, 286 Ark. 110, 689 S.W.2d 546 (1985), the trial court granted the appellee's motion for summary judgment.

In so doing, it found that the Teacher Fair Dismissal Act did not apply and that the appellants never had a contract to teach in the Pine Bluff School District. We disagree.

Summary judgment is an extreme remedy which will be granted only when there is no genuine issue of material fact left to be litigated. *Ford* v. *Cunningham*, 291 Ark. 56, 722 S.W.2d 567 (1987). Consequently, all proof submitted must be viewed most favorably to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.*

In *Woodard, supra*, the appellant was employed as a teacher by the Plum Bayou-Tucker School District for the 1982-1983 school year. In 1983, the Plum Bayou-Tucker District was dissolved and merged with the Wabbaseka District. At the time of the merger, Plum Bayou-Tucker had not entered into contracts with its teachers. The Wabbaseka District refused to employ appellant for the 1983-1984 school year. The appellant then filed a breach of contract action against the Wabbaseka District. In holding for the school district, we stated as follows:

> Appellant's argument is that the appellee violated the Teacher Fair Dismissal Act of 1979 [Ark. Stat. Ann. §§ 80-1264—80-1264.10 (Supp. 1980)]. We cannot agree that the Act is controlling under the circumstances of this case. The Act protects the right of renewal of a contract between a teacher and the Board of Directors of a school district. The Act does not attempt to define the rights of teachers and districts to enter into an initial contract. In the present case the appellant's employing district no longer exists. Therefore, he is applying to a new or different district and is not seeking renewal of his contract. He did not have a contract with the Wabbaseka District. Even if appellant were covered by the Act he does not have an absolute right to the job. He has the right not to be treated arbitrarily or capriciously, or discriminated against because of race, religion, sex, age, or national origin. If the School Board action is supported by rational reasons and does not discriminate for the foregoing reasons the appellant's rights are not violated . . . .

This case is not controlling. In the present case, the appel-

lants had contracts with the Linwood School District for the 1983-1984 school year at the time of the merger with the Pine Bluff School District by virtue of Ark. Code Ann. § 6-17-1506 (1987), which provides in pertinent part as follows:

Automatic contract renewal—Notice of nonrenewal.

(a) Every contract of employment made between a teacher and the board of directors of a school district shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument, unless by May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed or, unless during the period of the contract or within ten (10) days after the end of the school year, the teacher shall deliver or mail by registered mail to the board of directors her resignation as a teacher, or unless such contract is superseded by another contract between the parties.

■■ When the appellants did not receive notice of recommended nonrenewal by May 1, 1984, their contracts with the Linwood School District were automatically renewed for 1984-1985 school year. *See Marion County Rural School Dist. No. 1* v. *Rastle*, 265 Ark. 33, 576 S.W.2d 502 (1979); *see also Western Grove School Dist.* v. *Strain*, 288 Ark. 507, 707 S.W.2d 306 (1986). Furthermore, the Pine Bluff School District, as a district to which new territory had been annexed, was bound to honor these contracts pursuant to Ark. Code Ann. § 6-13-220 (1987), formerly Ark. Stat. Ann. §§ 80-419 and 80-422 (Repl. 1980). *See Nicholson* v. *Ash Flat School Dist. No. 4*, 220 Ark. 787, 249 S.W.2d 983 (1952); *Chidester School Dist. No. 50* v. *Faulkner*, 218 Ark. 239, 235 S.W.2d 870 (1951); *Horsman* v. *Tokio School Dist. No. 82*, 210 Ark. 225, 195 S.W.2d 51 (1946). This statute provides in pertinent part as follows:

(a) Any new school district which is created or district to which new territory is annexed shall succeed to the

property of the district dissolved, shall become liable for its contracts and debts, and may sue and be sued therefor.

In light of the foregoing, we conclude that the trial court erred in granting summary judgment. Accordingly, we reverse and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.