The Honorable David Rainey State Representative Post Office Box 642 Dumas, Arkansas 71639
Dear Representative Rainey:
I am writing in response to your request for an opinion on the following questions:
 1. Under what circumstances does an employee of the Arkansas River Educational Cooperative forfeit or abandon a contract?
 2. If the contract is not returned within the designated time period and if it is returned with the contract amount and duties altered does this constitute forfeiture or abandonment of said contract?
RESPONSE
With regard to your first question, I must note that I cannot speculate in the abstract as to the circumstances under which an employee of an education cooperative might forfeit or abandon a contract. Myriad factual issues may bear on the question. Additionally, to the extent this may pertain to a particular individual, I must note that the Attorney General's office, in issuing formal Attorney General opinions, must concern itself with matters of state law, and is not in a position to address individual contract issues. Such issues would need to be referred to the education cooperative's legal counsel, and the counsel for the affected individual.
Regarding your second question, assuming that this has reference to a provision in the Teacher Fair Dismissal Act of 1983 ("TFDA") involving the execution of contracts for the next school year, the answer is in all likelihood "no," in my opinion.
I surmise from your reference to the "designated time period" for returning the contract that your second question involves A.C.A. §6-17-1506(c), a subsection of the TFDA, A.C.A. §§ 6-17-1501-1510 (Repl. 1999 and Supp. 2007), involving contract renewal. The TFDA applies to education service cooperative personnel holding positions similar to those in local school districts that are covered by the TFDA. See A.C.A. § 6-13-1011 (Repl. 1999)[1] and Op. Att'y Gen. 89-270. I will therefore assume that the TFDA applies in connection with the hypothetical contract at issue in your second question. It will be helpful in addressing this question to set forth the entire text of A.C.A. § 6-17-1506. This Code section provides:
 (a) Every contract of employment made between a teacher and the board of directors of a school district shall be renewed in writing on the same terms and for the same salary, unless increased or decreased by law, for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument unless:
 (1) By May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed;
 (2) During the period of the contract or within ten (10) calendar days after the end of the school year, the teacher shall send by certified or registered mail to the president, vicepresident, or secretary of the board of directors of the school district, with a copy to the superintendent, or may deliver in person to the president, vicepresident, or secretary of the board of directors of the school district, with a copy to the superintendent, his or her resignation as a teacher; or
 (3) The contract is superseded by another contract between the parties.
 (b)(1) Termination, nonrenewal, or suspension shall be only upon the recommendation of the superintendent.
 (2)(A) A notice of nonrenewal shall be delivered in person to the teacher or mailed by registered or certified mail to the teacher at the teacher's residence address as reflected in the teacher's personnel file.
 (B) The notice of recommended nonrenewal of a teacher shall include a statement of the reasons for the recommendation, setting forth the reasons in separately numbered paragraphs so that a reasonable teacher can prepare a defense.
 (c)(1) No teacher shall be required to sign and return a contract for the next school year any sooner than thirty (30) days after the contract is issued to the teacher.
 (2) The teacher shall have the right to unilaterally rescind any signed contract no later than ten (10) days after the end of the school year.
A.C.A. § 6-17-1506 (Repl. 1999) (emphasis added).
Your question relates to the above-emphasized subsection (c)(1), the suggestion being that a contract offered to an employee might be forfeited or abandoned pursuant to this statute if it is not accepted by the employee within the time period set by the education cooperative, as long as the deadline is no sooner than 30 days after issuance by the cooperative. Because the question involves forfeiture or abandonment of a contract, which suggests the existence of a contract, it presumably relates to a renewed contract; that is, I am to assume that the contract issued to the employee is a renewal of his or her earlier contract.
The TFDA protects the right of renewal of a contract between education service cooperative personnel and the education cooperative. Compare Hilton v. Pine Bluff Pub. Schools, 295 Ark. 397, 748 S.W.2d 648 (1988). As explained by the Arkansas Court of Appeals:
 The TFDA set out the requirements which the district must meet in order to prevent the automatic renewal of a teacher contract. The Act requires notification by the superintendent of nonrenewal recommendation by May 1 of the contract year. The Act requires the district to evaluate the teacher annually, see Ark. Code Ann. § 6-17-1504(a), give the teacher, in writing, problems that could result in nonrenewal of the contract, see Ark. Code Ann. § 6-17-1504(c), and assist the teacher in correcting the problems, see Ark. Code Ann. § 6-17-1504(c).
Sheets v. Dollarway Sch. Dist., 82 Ark. App. 539, 548, 120 S.W.3d 119
(2003).
These observations apply equally to an education service cooperative by virtue of A.C.A. § 6-13-1011, as noted above.
Thus, if notice of nonrenewal is not given to an education cooperative employee before May 1 of the contract year, the employee's contract is automatically renewed for the next school year pursuant to A.C.A. §6-17-1506(a)(1). Your question appears to suggest that despite these protections regarding contract renewal, an employee might forfeit or abandon a contract by failing to renew it within a deadline set by the education cooperative, as long as that deadline is no sooner than 30 days after the contract is presented to the employee. I cannot conclude that A.C.A. § 6-17-1506(c)(1) has that effect. This would in essence make contract renewal a matter of offer and acceptance. I do not interpret subsection 6-17-1506(c)(1) as impacting the requirements that a school district or education cooperative must meet in order to prevent the automatic renewal of a contract. I will acknowledge that I am somewhat uncertain regarding the precise intent of the subsection. Having found no interpretative authority, I believe legislative clarification may be warranted. In light of the other procedural and substantive protections afforded by A.C.A. § 6-17-1506, however, I believe subsection 6-17-1506(c)(1) probably simply serves to prevent teachers or other covered employees from being pressured to immediately sign and return contracts to avoid nonrenewal or termination of their contracts. I note that the phrasing of the statute may support this view, in that it is couched in terms of a limitation or restriction on the school district ("No teacher shall be required. . . .").
It may also be relevant to note that according to my understanding, school districts typically issue renewed contracts after May 1. Assuming the education cooperative follows a similar procedure, then your hypothetical would involve a contract that was renewed on May 1, pursuant to A.C.A. § 6-17-1506. This prompts me to note possible due process concerns when considering your question involving the forfeiture or abandonment of such a contract. The Teacher Fair Dismissal Act has been held to give rise to a substantive property right of which a teacher may not be deprived except pursuant to constitutionally adequate procedures. Rogers v. Masem, 788 F.2d 1288 (8th Cir. 1985). See also Hilton v. Pine Bluff Public Schools, 796 F.2d 230, 232 (8th Cir. 1986) (citing Rogers, supra, for the proposition that "terminating a teacher may implicate constitutionally protected property interests.") Although the court was not faced with any question concerning A.C.A. §6-17-1506(c), or failure to return a contract within a deadline that is no sooner than 30 days, the attendant property rights further persuade me that it is unlikely such a contract would be deemed forfeited or abandoned if not returned with the deadline, absent some procedure that assures the employee was afforded due process.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Subsection 6-13-1011(c) states that "[t]ermination or contract nonrenewal of education service cooperative personnel shall be as provided by law for the school district personnel."