## Abraham WOODARD *v.* WABBASEKA-TUCKER PUBLIC SCHOOL DISTRICT

84-280                                                    689 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered May 20, 1985
[Rehearing denied June 24, 1985.*]

*Cearley, Mitchell and Roachell*, by: *Richard W. Roachell*, for appellant.

*G. Ross Smith, P.A.*, for appellee.

JOHN I. PURTLE, Justice. The circuit court dismissed appellant's appeal from the decision of the Wabbaseka School District to not employ the appellant as a teacher for the school year 1983-1984. Appellant argues on appeal that the trial court erred in finding the district had a legitimate rational reason for discrimination against the appellant. We do not find that the court so ruled. The trial court held that there was a rational basis and legitimate purpose in the action taken by the board and further found the action not to be arbitrary and capricious and that there was no abuse of discretion. The findings and holding by the trial court were not clearly erroneous and we therefore affirm.

The appellant had been employed by the Plum Bayou-Tucker School District in Jefferson County for more than three

---

* George Rose Smith, J., not participating.

years and was therefore entitled to the security of the Arkansas Teacher Fair Dismissal Act of 1979. However, the Plum Bayou-Tucker District became unable to continue the type of educational program to which it felt the students and patrons were entitled. Primarily financial obligations forced the district to seek annexation to the stronger Wabbaseka District. An agreement was arranged whereby the Plum Bayou-Tucker was dissolved and merged with the Wabbaseka District which insisted that it had a competent and efficient staff which would continue intact after the annexation. Wabbaseka agreed to give the teachers at Plum Bayou-Tucker priority in hiring additional or replacement teachers. Wabbaseka had entered into contracts with its teachers for the 1983-1984 school year but the Plum Bayou-Tucker district had not done so at the time of the merger. The new district did in fact employ 19 of the 21 teachers formerly employed by the dissolved district.

Appellant had more experience and education than the teachers retained in his comparable position at Wabbaseka. Therefore, he claimed the superior right to the position. The Board of Education and the trial court held that there was a rational and reasonable basis for failure to offer the appellant a contract.

■■ Appellant's argument is that the appellee violated The Teacher Fair Dismissal Act of 1979 [Ark. Stat. Ann. §§ 80-1264—80-1264.10 (Supp. 1980)]. We cannot agree that the Act is controlling under the circumstances of this case. The Act protects the right of renewal of a contract between a teacher and the Board of Directors of a school district. The Act does not attempt to define the rights of teachers and districts to enter into an initial contract. In the present case the appellant's employing district no longer exists. Therefore, he is applying to a new or different district and is not seeking renewal of his contract. He did not have a contract with the Wabbaseka District. Even if appellant were covered by the Act he does not have an absolute right to the job. He has the right not to be treated arbitrarily or capriciously, or discriminated against because of race, religion, sex, age or national origin. If the School Board action is supported by rational reasons and does not discriminate for the foregoing reasons the appellant's rights are not violated. *Lamar School District #39* v. *Kinder & Wright*, 278 Ark. 1, 642 S.W.2d 885 (1982).

■ We cannot agree with the appellant that The Teacher Fair Dismissal Act of 1979 overrides the action taken by merging the Plum Bayou-Tucker District with the Wabbaseka District. Therefore, we cannot say that the treatment of appellant by appellee is unsupported by a rational reason furthering the legitimate purposes of the appellee district.

Affirmed.

NEWBERN, J., concurs.

DAVID NEWBERN, Justice, concurring. This case involved an annexation of one school district (Plum Bayou-Tucker) by another (Wabbaseka) to form a new district called Wabbaseka-Tucker. Even if we consider the Plum Bayou District to have been dissolved and merely its territory annexed, the new district remained responsible for honoring the contracts of the Plum Bayou-Tucker teachers. Ark. Stat. Ann. §§ 80-419, 80-423 (Repl. 1980). The duty to honor Mr. Woodard's contract, however, does not go beyond the provisions of the Teacher Fair Dismissal Act, and particularly Ark. Stat. Ann. § 80-1264.9(b) (Repl. 1980), which says a teacher may be dismissed for " . . . any cause which is not arbitrary, capricious or discriminatory. . . ."

The majority opinion says even if that standard applied to Mr. Woodard he has not been treated arbitrarily or capriciously. I view Mr. Woodard's contention as being that it was arbitrary and capricious to dismiss him without comparing his qualifications with others who, for example, were hired for the English teaching positions in the new district. The majority concludes it was not arbitrary and capricious to fail to make the comparison and hire the best teachers from the pool created by the annexation. The majority's theme seems to be that in annexing Plum Bayou-Tucker, Wabbaseka had the right to protect its own teachers because it was the stronger district and was somehow doing the weaker district a favor by annexing it. While that theme may not reek of rationality if one assumes the goal of the schools is to provide the best teachers for the students, it cannot be said to be irrational per se for the new district to want to leave undisturbed the contracts of the Wabbaseka teachers. We have been reluctant to deny a school district the power to dismiss a teacher even when the reason seemed to be the won-lost record of a football team. *Lamar School District No. 39* v. *Kinder*, 278 Ark. 1, 642 S.W.2d 885 (1982). Despite that earlier decision, I would disagree with

the majority here had we been shown that no legitimate goal was served by keeping Wabbaseka teachers employed despite superior qualifications of available Plum Bayou-Tucker teachers.

It was the duty of the appellant to convince us of the arbitrariness or capriciousness of the plan, and he has not done so. I, therefore, concur in the result reached by the majority.