**Lillie HILTON, Genevia Eatmon, Jerusha Hobbs, Shirley Kearney and Verna Scrubbs, Appellants,**

v.

**PINE BLUFF PUBLIC SCHOOLS, Rita Clubbs, Blanch Haney, Dr. Frances M. Henderson, Clifton Road, William H. Fox, Jr., Judy DeSimone, and Al Glover, of the Board of Directors of the Pine Bluff Public Schools, Appellees.**

No. 85–1522.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1986.

Decided July 7, 1986.

Rehearing Denied Aug. 7, 1986.

Marcia Barnes, Little Rock, Ark., for appellants.

Spencer F. Robinson, Pine Bluff, Ark., for appellees.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY * District Judge.

JOHN R. GIBSON, Circuit Judge.

Lillie Hilton, Genevia Eatmon, Jerusha Hobbs, Shirley Kearney, and Verna Scrubbs appeal from the district court's dismissal of their suit brought under 42 U.S.C. § 1983 (1982), against the Pine Bluff Public Schools and named members of the Board of Directors of the Pine Bluff Public Schools for lack of subject matter jurisdiction.[1] We affirm the district court's dismissal of the case.[2]

The appellants maintain that they had contracts with Linwood School District No. 17 for the 1984–85 school year which, by operation of Arkansas law, were assumed by the Pine Bluff School District when it annexed Linwood; that the Pine Bluff School District terminated the appellants in the middle of their contracts without notice and a hearing; and that this termination deprived appellants of their constitutionally protected property interests without due process of law, and stated a section 1983 cause of action. The district court found that the teachers were not terminated under Arkansas law. The court determined that the teachers' suit arose from the defendants' failure to follow the statutory nonrenewal scheme. The court then concluded that the Arkansas Teachers Fair Dismissal Act creates no property interest in renewal of teachers' contract the deprivation of which would state a section 1983 cause of action.

In *Morton v. Becker*, 793 F.2d 185 (8th Cir., 1986), we stated the legal standard for review of complaints dismissed in the district court on a Rule 12(b)(6) motion as follows:

Whether a complaint states a cause of action is a question of law which we review on appeal de novo. *See North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir.1983). In judging the propriety of the dismissal of a section 1983 claim under Federal Rule of Civil Procedure 12(b)(6), we are guided by the standard that a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.), *cert. denied*, 444 U.S. 899 [100 S.Ct. 208, 62 L.Ed.2d 135] (1979). We must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. *United States v. Mississippi*, 380 U.S. 128, 143 [85 S.Ct. 808, 816, 13 L.Ed.2d 717] (1965); *see also Bennett v. Berg*, 685 F.2d 1053, 1059 (8th Cir. 1983); *Bramlet v. Wilson*, 495 F.2d 714, 717 (8th Cir.1974). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the com-

---

* The HONORABLE DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation.

1. The district court dismissed the appellant's complaint for lack of subject matter jurisdiction. The court reasoned that it lacked subject matter jurisdiction because the complaint failed to state a § 1983 cause of action. Our analysis, therefore, focuses on whether, under rule 12(b)(6), the complaint was sufficient to state a § 1983 cause of action.

2. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

plaint as exhibits may be considered in construing the sufficiency of the complaint. *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985); *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984); *AmFac Mortgage Corp. v. Arizona Mall of Tempe,* 583 F.2d 426, 430 (9th Cir.1978).

At 187.

The facts alleged in the complaint are simply put. The appellants were nonprobationary teachers[3] employed by Linwood School District No. 17 in Arkansas for the 1983–84 school year. In 1984 Linwood and the Pine Bluff School District negotiated a merger of the districts for the 1984–85 school year. In May 1984, Superintendent Daniels of the Linwood School District mailed a letter to that district's teachers informing them of the potential merger and requesting that they waive their statutory right to notice of nonrenewal which had been due that May 1st. He stated that the district was "caught in a precarious position because annexation is not yet a certainty and because it is not known which teachers, if any, will not be needed by the Pine Bluff system, in the event annexation occurs." Appellants' Complaint, Exhibit F. All the appellants refused to waive their statutory right to notice of nonrenewal. The May 1984 deadline passed and the appellants did not receive notice of nonrenewal. Therefore, appellants contend, by operation of Ark.Stat.Ann. § 80–1266.3, their contract was automatically renewed for the 1984–85 school year. On July 1, 1984, Linwood School District No. 17 merged into the Pine Bluff School District. The Pine Bluff School District refused to honor appellants' contract for the 1984–85 school year.

■ The essence of the district court's conclusion is that the appellants failed to allege deprivation of a constitutionally protected property interest protected through the fifth and fourteenth amendments of the United States Constitution. The court determined that appellants' remedy, if any, rested in the state court. Section 1983 provides a federal cause of action for deprivation of a right, privilege, or immunity secured by the Constitution and laws of the United States through the conduct of persons acting under color of state law. 42 U.S.C. § 1983. Whether a complaint states deprivation of a property interest actionable under section 1983 is determined by the state law or procedures on the basis of which the interest is claimed. *See Morton,* At 233 (*quoting Paul v. Davis,* 424 U.S. 693, 710–11, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976); *State of Missouri v. Wochner,* 620 F.2d 183, 185 (8th Cir.), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980)).

■ This court has had several opportunities to deal with the Arkansas Teacher Fair Dismissal Act. We have held that the provisions of the Act governing nonrenewal of a teacher's contract do not create a constitutionally protected property interest. *Cato v. Collins,* 539 F.2d 656, 660 (8th Cir.1976). Recently, in *Rogers v. Masem,* 788 F.2d 1288 (8th Cir.1984), we held that "we are satisfied that [§ 80–1264.4, which established the permissible basis for terminating a teacher's contract,] does establish in the appellant an interest in continued employment that is more than a mere abstract need or desire * * * [or] unilateral expectation." *Id.* at 1294 (*quoting Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). Thus, in *Rogers,* we distinguished *Cato* as applicable only to the statutory nonrenewal scheme, and held that terminating a teacher may implicate constitutionally protected property interests. On the basis of the facts presented in this appeal, we hold that the appellants' claim is based on the nonrenewal provision of the Teacher Fair Dismissal Act and, therefore, they did not suffer deprivation of a constitutionally protected

---

**3.** A probationary teacher is one who has not completed three successive years of employment in the school district in which that teacher is currently employed. *Ark.Stat.Ann.* § 80– 1266.1 (1980 & Supp.1985). The appellants in this case had taught in the Linwood School District No. 17 for terms of three to seventeen years.

property interest. *Cato,* thus, governs the disposition of this case.

 The appellants argue strenuously that they were terminated, not nonrenewed. They stress that teachers' contracts are renewed automatically under the Teacher Fair Dismissal Act's continuing contract system "unless by May 1st of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed * * *." Ark.Stat. Ann. § 80–1266.3 (Supp.1985). Therefore, they argue, when the teachers did not receive notice of nonrenewal prior to May 1, 1984, they automatically were under contract to the Linwood School District No. 17 for the 1984–85 school year.

When the Linwood School District merged into the Pine Bluff School District, the teachers argument continues, Pine Bluff, by operation of the Arkansas Statute on Assumption of Existing Obligations by Annexing District (the Annexation Statute), Ark.Stat.Ann. §§ 80–418, 80–429 (1980 & Supp.1985), assumed Linwood's contractual liability to these teachers. Section 419 of the Annexation Statute provides: "no construction shall be given to any part of this statute [authorizing annexation] that would result in impairing the obligations or any valid contract of any school district * * *." Section 423 of the same statute states that "any school district to which there is annexed * * * all the territory of an entire district * * * shall succeed to all of the property of the district or districts dissolved, and become liable for its or their contracts and debts." Thus, the teachers argue, their dismissal was a termination, a discharge during the term of an existing contract.[4]

The Arkansas Supreme Court has twice addressed the issue of the status of a teacher's employment contract when one

school district is annexed by another. In *Horsman v. Tokio School District,* 210 Ark. 225, 195 S.W.2d 50 (1946), the surviving school district refused to pay the plaintiff, a teacher who was under contract to the annexed school district at the time of the annexation, for her teaching services rendered after the annexation. The school district maintained that it had notified the plaintiff that she would not be paid for services rendered under the old contract unless she accepted its offer to teach in a different school in the new district. The plaintiff refused the offer and continued to teach in the old school for the contract term. In arriving at its judgment for the plaintiff for payments due her for services rendered pursuant to the old contract, the Arkansas Supreme Court stated:

> There appears to be no question here as to the validity of [the teacher's] contract with [the old school district]. When [the old school district] was, by appropriate proceedings annexed to and became part of the [new school district], the latter district assumed and became liable under our statutes for *all* contracts and obligations of the [old district].

*Id.* at 228, 195 S.W.2d at 52 (emphasis added). The court's reasoning, however, seemed to indicate that, by accepting Mrs. Horsman's services, the school district ratified her contract and, therefore, was bound to pay for them.

The Arkansas Supreme Court recently returned to this issue in *Woodard v. Wabbaseka-Tucker Public School District,* 286 Ark. 110, 689 S.W.2d 546 (1985). There the Arkansas Supreme Court held that a teacher whose school district was annexed, and who was not retained by the surviving district, could not bring an action against the surviving district under the Teacher Fair Dismissal Act. The court held that the teacher had essentially been denied a posi-

---

**4.** The Teacher Fair Dismissal Act does not specifically define termination or nonrenewal. The meaning of these words derive from the context in which they are used in the Act. Thus, nonrenewal is discussed in terms of the decision at the end of the one-year contract term whether to enter into a contract for a succeeding one-year term. Section 80–1264.4 of the Teacher Fair Dismissal Act provides that "a teacher may be terminated during the term of any contract period for any cause which is not arbitrary, capricious, or discriminatory." Thus, in this context, a termination is a discharge within the period that a contract is in effect.

tion after making a new application for employment with the surviving school district and, therefore, was not covered by the Act. *Id.* at 111, 689 S.W.2d at 547. The majority opinion did not expressly treat the issue of the Annexation Statute. The court stressed, however, that the Teacher Fair Dismissal Act does not govern a school district's right to enter into an initial contract, and noted that the teacher was not under contract with the old district at the time of the annexation. *Id.* In a concurring opinion, Justice Newbern stated that the Annexation Statute bound the new school district to honor teacher contracts with the old district. He stated that he would, however, uphold the teacher's dismissal under the Teacher Fair Dismissal Act on the basis that the dismissal was not arbitrary, capricious, or discriminatory. *Id.* at 113, 689 S.W.2d 547. Thus, while the majority appeared to proceed on the theory that the teacher had no contract which carried over to the new school district, the concurring judge apparently believed that there was such a carryover contract and that, under the Annexation Statute, the new district was required to honor it.

We agree with the district court that this case "springs" from the defendants' failure to comply with the statutory nonrenewal scheme. *Hilton v. Pine Bluff Public Schools*, No. C–84–598, slip op. at 3 (E.D. Ark. Feb. 26, 1985). The appellants' classification of this case as a termination is unconvincing, given that the facts alleged demonstrate, as the district court concluded, that their claim is founded on nonrenewal.

Further, we cannot accept the teachers' argument that the Annexation Statute supports their claim that they suffered injury to a property interest. First, the majority opinion in *Wabbaseka* creates substantial doubt whether the Teacher Fair Dismissal Act governs in the case of annexation. Second, the teachers' arguments rest heavily on the assumption that the Annexation Statute can be read in conjunction with the statutory nonrenewal scheme to give them a property interest. Since we have held that the Teacher Fair Dismissal Act does

not grant a property interest in nonrenewal, we cannot conclude that the Annexation Statute, in conjunction with the nonrenewal scheme, creates a property interest which, alone, the nonrenewal scheme does not.

Accordingly, we conclude that Arkansas law creates no property interest giving rise to a constitutional claim in this case since the teacher's complaint, though using the phrase "termination," in essence alleges facts that demonstrate that their claim is founded upon nonrenewal. The teachers may well have a state law claim against the school district, but their complaint fails to state a claim under section 1983.

For the foregoing reasons we affirm the district court's dismissal of this case.