James V. ROCKENFIELD & Roger L.
Smith, Respondents.

v.

**MISSOURI DEPARTMENT OF
CORRECTIONS AND HUMAN
RESOURCES, Appellant.**

No. WD 39069.

Missouri Court of Appeals,
Western District.

Sept. 15, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 27, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Luann Yahnig, Deputy General Counsel,
Dept. of Corrections & Human Resources,
Jefferson City, for appellant.

Kenneth D. Kyser of Kyser & Suter,
Moberly, for respondents.

Before MANFORD, P.J., and
NUGENT and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a circuit
court judgment which reversed a previous
decision of the Missouri Personnel Advisory Board. The judgment of the circuit
court is reversed and the prior decision of
the Missouri Personnel Advisory Board is
affirmed.

Appellant presents a sole point which
charges that the circuit court exceeded its
authority in finding that the decision of the
Missouri Personnel Advisory Board was
not based upon substantial and competent
evidence.

The pertinent facts are as follows:

The parties to this appeal are the Missouri Department of Corrections and Human Resources (appellant), and James
Rockenfield and Roger Smith, employees of

appellant (respondents). At the time of the events set forth *infra*, respondents were employed at the Missouri Training Center for Men, located at Moberly, Missouri.

On March 4, 1984, at about 8:55 a.m., an inmate, Earl Young, was issued a conduct violation for his refusal to be searched. The violation was issued by respondent Smith. Between 9:00 a.m. and 9:15 a.m. on March 4, 1984, two other inmates, Cody and Tuttle, went to the basement of Housing Unit No. 1 to make telephone calls. Cody and Tuttle stated that they observed Young being taken to the basement by Smith and another officer and to the office of respondent Rockenfield. All inmates were ordered out of the area. Cody and Tuttle ascended the stairs but remained where they could observe the basement area. They stated that no one else entered or left the basement area. Young testified that he was taken to Rockenfield's office where he was verbally and physically assaulted by an Officer Maylee and respondents Smith and Rockenfield. Cody and Tuttle stated that a short while later, they observed Young leave Rockenfield's office holding his stomach. Young reported to his classroom (he was attending high school classes) and reported the incident to his teacher, Mrs. Rooney, who, in turn, advised the assistant superintendent. Young was placed in a segregated medical area for three days. An investigation followed. Respondents denied the event and stated that Young had not been in Rockenfield's office on the alleged date.

Disciplinary action was filed against respondents for violation of 1 CSR 20–3.070 and an Internal Rule No. 20–103.140, which addressed the falsefication or misstatement of any material fact in connection with their employment. A hearing was conducted and findings of fact and conclusions of law were entered. The result of this disciplinary action was the demotion in rank of both respondents. Respondents then filed a petition for review in the circuit court. The circuit court reversed the ruling of the Board, declaring that the findings and conclusions were not based upon substantial and competent evidence. This appeal followed.

■ The review by this court is limited, and this court is not at liberty to substitute its opinion or decision for that of the appellant. This court might well not have believed the testimony upon the record, but it has no authority to adjudge the credibility of witnesses. The circuit court was likewise without such authority. The parameters of review by this court are set by § 536.140.2(3), RSMo 1986, which prescribes that administrative action is to be reviewed and determination is to be made regarding any decision upon whether such decision is supported by competent and substantial evidence; and by § 536.140.2(5), RSMo 1986, regarding whether the agency's action was authorized by law.

■ The legal authority of appellant is not in dispute on this appeal, although, as observed *infra*, respondents claim a due process violation. Thus, the sole question is whether there exists upon the whole of the record, substantial and competent evidence to support the appellant's decision. Review is not of the circuit court judgment, but rather of the appellant's decision. *See City of Cabool v. Missouri State Board of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985), and *Stephenson's Restaurants, Inc. v. Missouri State Highway and Transportation Commission*, 666 S.W.2d 437, 440 (Mo.App.1984).

■ The record herein clearly reveals a strong conflict in the evidence. The evidence could support a finding either way, thus this court is bound to uphold appellant's decision. *Osage Outdoor Advertising, Inc. v. State Highway Commission of Missouri*, 687 S.W.2d 566, 568 (Mo.App. 1984), and *Prokopf v. Whaley*, 592 S.W.2d 819, 822–23 (Mo. banc 1980). To state it another way, there is nothing which discloses that the findings and conclusions of appellant were clearly contrary to the overwhelming weight of the evidence. Absent such a situation, this court cannot reverse the decision of appellant. *Moran v. Wahley*, 608 S.W.2d 446, 448 (Mo.App.1980). The evidence disclosed a disputed set of facts. Neither this court nor the circuit court has the prerogative to weigh the evi-

dence or to pass upon the credibility of the witnesses. There is nothing which establishes that appellant's actions were arbitrary, capricious, or unreasonable. Respondents had the burden to show that appellant's decision was unlawful or unreasonable, and respondents have failed to carry that burden. *See Perez v. Webb*, 533 S.W.2d 650, 654–55 (Mo.App.1976).

■ Before this court, respondents assert they were denied due process because appellant failed to follow policy and procedure, in that they were not informed of the charges against them or interviewed by the persons designated to conduct such an interview. The record reveals that respondents were initially interviewed in the presence of the assistant superintendent and the superintendent of the facility, as opposed to the party designated the Functional Unit Manager. There is no charge by respondents that they were denied the interview, but they simply charge that the wrong person conducted it. They further allege surprise, along with improper procedure. The record fails to support their allegation of surprise. As to improper procedure, there was no "impropriety" regarding the format or the personnel involved in the interview. Respondents were able and did defend against appellant's actions.

The judgment of the circuit court is reversed. This cause is remanded to the circuit court with directions to enter its judgment affirming the decision of the Missouri Department of Corrections and Human Resources previously entered.

All concur.