Dixie R. KELLEY and Edwin M. Kelley, d/b/a Dixie's Party Shoppe, Plaintiffs–Appellants,

v.

SUPERVISOR OF LIQUOR CONTROL, STATE OF MISSOURI, Defendant–Respondent.

No. 17599.

Missouri Court of Appeals, Southern District, Division One.

Jan. 28, 1992.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for plaintiffs-appellants.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Judge.

The Supervisor of Liquor Control (the Supervisor) ordered that appellants' liquor license be suspended for six days for having sold intoxicating liquor to a person under the age of 21 years in violation of § 311.310.[1] A review of that suspension was sought before the Administrative Hearing Commission (the Commission). § 311.691. Following a hearing, the Commission entered written findings of fact and conclusions of law determining that the action taken by the Supervisor was proper. The Commission concluded "that [appellants'] license [was] subject to discipline under § 311.310, RSMo 1986." Appellants then filed a petition for review in the Circuit Court of McDonald County. §§ 536.100 and 536.110. The circuit court found that there was sufficient evidence before the Commission to support its decision and affirmed the Commission's finding and the Supervisor's suspension of appellants' liquor license. This court affirms.

Appellants Dixie R. Kelley and Edwin M. Kelley are holders of a retail liquor license pursuant to which they operate a business known as Dixie's Party Shoppe at Pineville, Missouri. Their son, Randy Kelley, worked in that business.

During the evening of May 5, 1989, Matthew Bates, age 17, entered appellants' store and purchased "a 12–pack of Busch Beer" from Randy Kelley. No identification was checked in order to determine the purchaser's age. An agent of the Division of Liquor Control, Marshall Spencer, observed the sale through the front window of the store. As Bates left the store, Agent Spencer obtained identification from him in the form of a vehicle operator's license. The vehicle operator's license revealed that Matthew Bates was 17 years old. The agent testified at the proceedings that were held before the Commission as follows:

Q. Upon determining that Mr. Bates was seventeen, you reentered the premises?

A. That's correct.

Q. Did you confront the seller?

A. Yes.

Q. Did the seller respond in any way?

---

1. References to statutes, other than § 311.328, are to RSMo 1986. § 311.328 references are to RSMo Supp.1987.

A. He stated he did sell the beer to Mr. Bates and did recall Mr. Bates being in the premise on other occasions but did not recall selling to him.

Q. So he didn't recall whether he had ever sold to Mr. Bates before?

A. No, sir.

Matthew Bates testified:

Q. Mr. Bates, how old are you?

A. Seventeen.

Q. And on May 5 of '89, were you also seventeen?

A. Yes, sir.

Q. On May 5 of '89, did you go to the Dixie's Party Shoppe?

A. Yes, I did.

Q. Around what time?

A. I believe it was about 9:30.

Q. Why did you go to the Dixie's Party Shoppe?

A. I was going in there to see if I could buy booze on a dare.

And, on cross-examination:

Q. Now, you had other IDs, did you not?

A. I had no other ID besides my driver's license and my hunting license. That was it.

Q. You didn't have another Arkansas driver's license that said you were twenty-one years of age?

A. No, sir, I didn't.

Q. You didn't have an Arkansas driver's license that said you were twenty-two years of age?

A. No, sir, I didn't.

Based upon this evidence, the Commission found:

. . . . .

3. On or about May 5, 1989, Randy Kelley, son and employee of [appellants], sold a quantity of intoxicating liquor to Matthew David Bates.

4. At the time of the purchase, Bates was 17 years old.

5. Randy Kelley did not request any identification from Bates prior to the sale.

6. At the time of the sale to Bates, neither Edwin nor Randy Kelley had ever sold intoxicating liquor to Bates before.

7. Before May 5, 1989, Bates had never presented to Edwin or Randy Kelley an Arkansas driver's license, fake or otherwise, which showed his age as 21 years or older.

Appellants contend that the trial court—the circuit court—erred in affirming the order of the Commission and the Supervisor's order of discipline because the circuit court considered only the sufficiency of the evidence. They contend that the circuit court, by reason of § 311.328, had the duty to "consider the credibility of the witnesses to determine the good faith of appellant's [sic] under *Section* 311.328." They argue that the circuit court should have determined that "the findings of the Administrative Hearing Commission [were] not supported by competent and substantial evidence upon the whole record."

Section 311.328 provides, in part, that a licensee of the Division of Liquor Control who proves that he relied upon, among other documents, "the operator's or chauffeur's license issued under the ... laws of ... Arkansas" that shows a person attempting to purchase liquor "is at least twenty-one years of age," is not subject to penalty "if the supervisor of the division of liquor control or the courts are satisfied that the licensee acted in good faith."

Randy Kelley testified before the Commission. He stated that the reason he did not ask Matthew Bates for identification was that he had previously checked Bates' identification when Bates had been in the store "earlier in the week." Randy Kelley explained, "[H]e had an ID saying that he was over the age of twenty-one at the time." He described the identification that he said he had checked as "an Arkansas state driver's license." He testified that he had relied on Bates' Arkansas driver's license on the earlier occasion and that he had sold beer to Bates then.

Randy Kelley was asked whether he had told the liquor agent on the night of the sale in question that he had seen Matthew Bates in the store before, but did not remember if he had sold liquor to Bates

before. Kelley stated that he did not remember if he said that or not. He was asked if it were possible that he made that statement and answered, "It could have been. I was pretty nervous."

Edwin Kelley testified that he had seen Matthew Bates in the store on "[t]wo other occasions other than the occasion in question"; that he had sold liquor or beer to him. Edwin Kelley was asked why he had sold liquor or beer to Matthew Bates due to him being only 17 years old. He answered: "Because if you look at the young man, he don't have the face of a twenty-one year old. And whenever he purchased, he had proof that he was twenty-two years old when I checked his ID, I personally checked his ID." Kelley said Matthew Bates had presented an Arkansas driver's license with his picture on it that showed Bates to be 22 years old. He further testified that Randy Kelley had been present when he had sold Matthew Bates "beer or whatever he bought."

■ This court's review is directed to the decision of the Commission, not the circuit court's judgment. *Rockenfield v. Missouri Dept. of Corrections and Human Resources*, 740 S.W.2d 230, 231 (Mo.App. 1987). The scope of that review is established by § 536.140. It is limited to determining whether the actions of the Commission were violative of the constitution; exceeded its statutory authority or jurisdiction; were supported by competent and substantial evidence; were authorized by applicable law; followed lawful procedures; were not arbitrary, capricious or unreasonable; and did not involve an abuse of discretion.

■ Although mindful of the foregoing, appellants point to the language of § 311.-328 regarding a licensee's right to rely on a motor vehicle operator's license to determine that a person attempting to purchase liquor "is at least twenty-one years of age." Appellants point to language in subparagraph 2 of that statute:

> Upon proof by the licensee of full compliance with the provisions of this section, no penalty shall be imposed if the supervisor of the division of liquor control *or the courts* are satisfied that the

licensee acted in good faith. (Emphasis added.)

Appellants contend that the words "or the courts" require a reviewing court to make its independent assessment of whether a licensee acted in good faith by relying upon a motor vehicle license to determine if a person attempting to buy liquor was at least 21 years old. They argue that the circuit court failed to exercise its independent judgment in holding only that the decision by the administrative law judge was supported by substantial evidence. They contend that the circuit court should have considered and evaluated the credibility of the witnesses who testified before the Commission, including Randy Kelley and Edwin Kelley, and made an independent determination regarding whether Randy Kelley "acted in good faith." Appellants argue, by reason of § 311.328.2, that in not so doing the circuit court committed error.

The Supervisor's response to appellants' argument is that the reference to the courts in § 311.328.2 is directed to those circumstances in which licensees are charged with committing misdemeanor offenses for selling liquor to minors—§ 311.-310 makes the sale of intoxicating liquor to a person under the age of 21 years a misdemeanor. If criminal proceedings were brought, they would be brought in an appropriate circuit court. See §§ 541.015–541.033. The Supervisor contends that § 311.328.2 permits those courts to accept as a defense the fact that a licensee acted in good faith by relying upon a false vehicle operator's license presented by a person under the age of 21 years.

This court agrees with the Supervisor's interpretation. The words "or the courts" in § 311.328.2 apply when misdemeanor offenses are charged. Those words are not applicable when courts review administrative suspensions or revocations of liquor licenses. The decision of the Commission is affirmed.

PREWITT, P.J., and CROW, J., concur.