Lou ANGEL, Don Dilliner and Scott Malone, Plaintiffs–Appellants–Respondents,

v.

The CITY OF WEBB CITY and Webb City Personnel Board, Defendants–Respondents–Appellants.

Nos. 17746, 17772.

Missouri Court of Appeals,
Southern District,
Division One.

June 23, 1992.

Mark A. Elliston, Mark A. Elliston Law Offices, Webb City, for plaintiffs-appellants-respondents.

Sylvia K. Byrnes–Ales, Roberts, Fleischaker & Williams, Joplin, for defendants-respondents-appellants.

PER CURIAM.

Plaintiffs were discharged from their employment as police officers with defendant, the City of Webb City, pursuant to a determination made by defendant Webb City Personnel Board. The Personnel Board determined that plaintiffs participated in removal of a prisoner from a jail cell and used excessive force upon him.

Plaintiffs sought judicial review of the determination of that Board. The circuit court found that the City and the Board's "decisions were supported by competent and substantial evidence ... and correct principles of law" and entered judgment in favor of defendants. Plaintiffs appeal. Defendants also appeal "for the purpose of preserving error in the event of a decision adverse" to them. The appeals were consolidated. We first consider plaintiffs' appeal No. 17746. Plaintiffs' first point states:

> The trial court erred in affirming the decision of the Webb City Personnel Board because the Board denied the officers due process rights by: having discussions about the plaintiff-appellants and expressing opinions about their continued employment prior to the Personnel Board hearing; and, considering a seventeen page document, which the plaintiff-appellants were denied an opportunity to read or answer the allegations contained therein, in arriving at their decision.

■ If the Board considered matters outside of the hearing then plaintiffs' due process rights might have been violated. See *Tullock v. City of St. Charles*, 602 S.W.2d 860 (Mo.App.1980); *State ex rel. Bernsen v. City of Florissant*, 588 S.W.2d 194 (Mo.App.1979). See also *Jerry–Russell Bliss, Inc. v. Hazardous Waste Management Commission*, 702 S.W.2d 77 (Mo. banc 1985). Here, however, there is nothing in the record supporting that the conduct of the Board members complained of in the point occurred. Statements of plaintiffs' attorney are not evidence of those facts. *Missouri Commercial Investment Co. v. Employers Mutual Casualty*, 680 S.W.2d 397, 401 (Mo.App.1984). Point one is denied.

The remaining point of plaintiffs states:

> The trial court erred in affirming the decision of the Webb City Personnel Board because the Board's decision was not based on competent and substantial evidence because they considered testimony of two individuals who's credibility was questionable; and, the Board was biased and tainted by listening to a tape recording that lacked foundation.

■ Neither this court nor the circuit court weighs the evidence or passes upon the credibility of witnesses before an administrative board. *Rockenfield v. Department of Corrections and Human Resources*, 740 S.W.2d 230 (Mo.App.1987). If evidence before an administrative body warrants either of two opposed findings, the reviewing court is bound by the administrative determination. *Hudson v. Wellston School District*, 796 S.W.2d 31 (Mo. App.1990).

■ A reserve police officer and a prisoner in the city jail testified. Their credibility was for the Board. Their testimony presented a sufficient basis for the Board to determine that plaintiffs had taken actions for which they should be discharged. In addition the Board heard a tape recording of part of the incident.

Plaintiffs cite *State v. Spica*, 389 S.W.2d 35 (Mo.1965), cert. denied, 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312 (1966), contending that the requirements stated there for a proper foundation to admit a sound recording were not met. Assuming, but not deciding that those standards are applicable to an administrative hearing, the record reflects that a sufficient foundation under those standards was met.

The Board's finding was amply supported by the evidence. As it is determined that the judgment should be affirmed, defendants' appeal is moot.

Appeal No. 17772 is dismissed. The judgment is affirmed.

All concur.