994 F.2d 529
 83 Ed. Law Rep. 954
 Jon HUBBARD, Appellant,
v.
John PARKER, in his capacity as President of the School
Board of Palestine-Wheatley School District No. 23 and
individually; Charles McGowan, in his capacity as Board
Member of the School Board of Palestine-Wheatley School
District No. 23; Allen Massey, in his capacity as Board
Member of the School Board of Palestine-Wheatley School
District No. 23; Vicki Hawk, in her capacity as Board
Member of the School Board of Palestine-Wheatley School
District No. 23; Palestine-Wheatley School District No. 23,
Appellees.
 No. 92-3560.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1993.
Decided June 3, 1993.
Rehearing Denied July 15, 1993.
 
 Wiley A. Branton, Little Rock, AR, argued, for appellant.
 Pamela S. Osment, Conway, AR, argued, for appellees.
 Before WOLLMAN, Circuit Judge, ROSS, Senior Circuit Judge, and KOPF,* District Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 Appellant, a school teacher, coach and athletic director for the Palestine-Wheatley School District No. 23 for the school year 1990-91, appeals from the district court's grant of summary judgment in favor of appellees, the school district and the school board members, in both their official and individual capacities. The district court rejected appellant's claims that he was deprived of a liberty or property interest without due process of law, in violation of the Fourteenth Amendment, when he was constructively discharged, and that he was denied his right to a hearing under the Arkansas Teacher Fair Dismissal Act. After careful consideration of the record, briefs and arguments of the parties, we affirm.
 
 
 2
 During the 1990-91 school year, the school board received complaints that appellant had, among other things, allegedly abused sick leave, inflated mileage claims, failed to properly care for the sports equipment, mismanaged funds for referees, and had left school early without arranging adequate student supervision. On January 14, 1991, the Board held a public meeting, during which a motion was approved to call for appellant's resignation for failure to "fulfill[ ] his contract and other documented reasons." The Board's action was reported in the local newspaper the following day. At the Board's request, the appellant attended a Board hearing on January 24, 1991, at which he requested that the allegations against him be put in writing before he was required to respond. The Board took no further action at that time and appellant completed his one-year contract for the school term and was paid a $28,000 salary according to his contract.
 
 
 3
 On February 26, 1991, prior to the end of the school year, however, the appellant filed the present lawsuit, claiming that he was deprived of his liberty or property interests in his continued employment without due process of law, based upon the public call for his resignation. The complaint further asserted state law claims based upon the Arkansas Fair Teacher Dismissal Act, Ark.Code Ann. §§ 6-17-1501 to 1510, breach of contract and state law tort theories of defamation of character and invasion of privacy.
 
 
 4
 On April 26, 1991, the superintendent of the school district notified appellant that his contract would not be extended because of "severe economic pressure." On May 23, 1991, appellant's attorney requested a hearing regarding the nonrenewal. Under the Arkansas Teacher Fair Dismissal Act, a teacher who receives notice of nonrenewal is entitled to a hearing within ten days after the request for such hearing is made. Ark.Code Ann. § 6-17-1509 (1987). On June 4, 1991, the tenth day after the request for the hearing had been made, appellant was offered a new contract for the 1991-92 school year. The second-year contract, however, did not include the athletic director or football coach duties, allegedly due to a lack of funding, and accordingly, the contract offered a reduced salary of $20,575. Apparently, this second-year contract offer was later supplemented with an offer to the appellant to serve as the baseball coach for the 1991-92 school year. However, it is not clear from the record what further compensation was offered or intended for this additional duty. Rather than accept the second-year contract, however, the appellant voluntarily resigned by letter dated July 1, 1991, notifying the Board that he had accepted employment at another school district, with an annual salary of $27,000. Appellant then filed an amended complaint to include the additional claim of constructive discharge.
 
 
 5
 Before the scheduled trial to the court was to begin, the district court held a telephone conference on September 30, 1992, with counsel for both parties. During the course of the telephone conference, the court advised the parties that it had serious questions whether, as a matter of law, the appellant could proceed with his claims. A second telephone conference was then held on October 2, 1992, during which the court announced to the parties that it was sua sponte granting partial summary judgment and dismissing appellant's federal claims, as well as his state law claim based upon the Arkansas Teacher Fair Dismissal Act. Appellant then took voluntary nonsuit on the remaining state law claims pending this appeal.
 
 
 6
 On appeal, appellant argues that he was given inadequate notice during the first telephone conference that the court was considering dismissing his claim. A federal district court may grant summary judgment pursuant to Fed.R.Civ.P. 56, sua sponte, "provided that the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted." Interco Inc. v. National Sur. Corp., 900 F.2d 1264, 1269 (8th Cir.1990).
 
 
 7
 We conclude that Rule 56 was satisfied here, in light of the fact that the district judge specifically informed the parties during the September 30 conference that he had "serious doubts that this case should go forward on any ground," and that he did not see "a predicate for continuing the case with respect to [appellant's] loss of his employment." The judge then informed the parties that he "could be persuaded to turn around on any of [the issues]" but that he wanted to inform counsel of the "serious concerns" he had regarding the case. He then told counsel that he would "give [them] a chance to look at some of the law," and a second telephone conference for October 2 was subsequently scheduled. Based on this discussion, we conclude that appellant was sufficiently apprised of the court's intention to rule summarily on the claim if the appellant failed to adequately oppose such action.
 
 
 8
 Appellant also contends on appeal that the district court erred in finding that appellant's rights had not been violated under § 6-17-1509 of the Arkansas Teacher Fair Dismissal Act and that his Fourteenth Amendment rights were not violated, either from injury to his reputation or from a purported constructive discharge. The district court ruled as a matter of law that there was no constructive discharge, that the appellant had no property interest in the 1991-92 contract, and that even if he had a constitutionally protected property interest in his continued employment, he waived that interest by voluntarily resigning on July 1, 1991.
 
 
 9
 We affirm the well-reasoned opinion of the district court with regard to the above determinations. We do not agree, however, with the district court's discussion regarding the necessity of a hearing under the Arkansas Teacher Fair Dismissal Act. The Act was amended in 1987 to expand the hearing requirement to probationary and non-probationary teachers alike. Ark.Code Ann. § 6-17-1509(a) (1987).[1]
 
 
 10
 Although we agree with the appellant that section 6-17-1509(a) now provides for a hearing for probationary teachers following nonrenewal, we conclude that the necessity of a hearing in the present case was nullified by the appellant's filing of a lawsuit in February 1991 and by the offer of a new contract for the 1991-92 school year. Instead of receiving a hearing following the notification of nonrenewal, the appellant was offered a contract for a second school term, in effect mooting the request for a hearing. While the record is not entirely clear on the details of this second contract, it is undisputed that football was eliminated from the curriculum, which in turn eliminated the appellant's coaching duties and likely resulted in a reduction in salary. The appellant chose not to accept the contract, however, and instead voluntarily resigned. Under these circumstances, the failure to provide a hearing constituted neither a deprivation of appellant's due process rights, nor a violation of Arkansas law.
 
 
 11
 Based on the foregoing, the judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 Ark.Code Ann. § 6-17-1509(a) (1987) provides: "A teacher who receives a notice of recommended termination or nonrenewal may file a written request with the board of directors of the district for a hearing." The former version of this section provided, in contrast, that a hearing related to nonrenewal was required only for a "teacher who has completed three (3) successive years of employment in the district." Ark.Stat.Ann. § 80-1266.8 (1979)