Lou ANGEL; John Dilliner; Scott Malone, Appellants,

v.

Thomas L. WILLIAMS; Sylvia A. Byrnes–Ales; Donna Humphrey; The City of Webb City, a municipal corporation, Appellees.

No. 93–1460.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Dec. 27, 1993.

L. Thomas Elliston, Webb City, MO, argued for appellants.

Michael J. Jerde, Kansas City, MO, argued for appellees.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

Lou Angel, John Dilliner, and Scott Malone (collectively, the officers) appeal from the District Court's[1] judgment in favor of Thomas L. Williams, Sylvia K. Byrnes–Ales, Donna Humphrey, and the City of Webb City, Missouri (collectively, Webb City), on Webb City's motion to dismiss the officers' complaint alleging that Webb City violated federal wiretap law, 18 U.S.C. §§ 2510–2521 (1988 & Supp. IV 1992), and Missouri wiretap law, Mo.Rev.Stat. §§ 542.400–.424 (Supp. 1992). We affirm.

Angel, Dilliner, and Malone were employed as police officers for Webb City, Missouri, on October 6, 1990, when they were accused of using excessive force on prisoner Vincent McCarty while McCarty was in the Webb City jail. After an administrative hearing on October 30, 1990, the personnel board decided to terminate the officers, a decision affirmed on judicial review. *Angel v. City of Webb City*, 832 S.W.2d 22 (Mo.Ct.App.1992) (per curiam). At the hearing, after the officers testified denying the alleged abuse, Webb City's attorney played an audio tape recording of the incident in question. The tape recording was elaborated upon by reserve officer Bob Hataway who witnessed the incident but did not participate in it. It is unclear from the record before us how or why the tape recording was made.[2]

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. In their brief, the officers asked this Court to "[a]ssume the evidence … establishes the following": that the electronic eavesdropping device was concealed in the officer's report room in the police department at the instigation of Webb City's mayor, who was concerned about federal weapons violations by members of the police department. Brief of Appellants at 7–8. As Webb City notes in its brief, however, the record does not contain any of these facts, or any other explanation as to how or why the incident was recorded. Brief of Appellees at 18 n. 6. The District Court stated: "Although it is not clear from the pleadings presented by the parties, it appears that the recording was captured as part of a systematic recording system in place in the city jail," of which the officers claimed to have no knowledge. *Angel v. Williams*, No. 92–5084–CV–SW–1, 1993 WL 566010, order dismissing complaint (W.D.Mo. Jan. 11, 1993), *reprinted in* Appellants' Addendum at 20–21. Our resolution of this case makes this factual issue immaterial.

The officers filed a civil complaint against Webb City under 18 U.S.C. § 2520 (1988), which permits a civil action by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used." *Id.* § 2520(a). Without filing an answer, Webb City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The District Court, having noted that no wire or electronic communication was alleged to have been intercepted or disclosed, determined that the communication at issue did not meet the statutory definition of "oral communication" found at 18 U.S.C. § 2510(2) (1988) because the officers had no expectation of privacy in their communication, and granted the motion to dismiss.

■ For their first issue on appeal, the officers claim that the court erred in considering matters outside the complaint, and thus treating the motion to dismiss as one for summary judgment, because the court did not explicitly give the officers notice and a reasonable opportunity to present material relevant to a motion for summary judgment.[3]

■ First, we note that the officers have misconstrued Rule 12(b) by suggesting that constructive notice that the motion to dismiss would be treated as a motion for summary judgment is inadequate notice within the meaning of the rule. Rule 12(b) states:

> If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56; and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). The rule does not require the court to give affirmative notice to the parties of its intent to consider matters outside the complaint, and we hold that the notice the parties received here was sufficient. *See Hubbard v. Parker,* 994 F.2d 529, 531 (8th Cir.1993) (concluding that notice of court's intention to consider granting summary judgment *sua sponte* was adequate where judge stated in telephone conference that he had "serious doubts" about plaintiff's case but that he "could be persuaded to turn around").

In support of its motion to dismiss, Webb City told the court, "Matters outside the complaint are presented. Therefore, this Motion should be treated as one for summary judgment." Suggestions in Support of Defendants' Motion to Dismiss, at 2 n. 1. In their response, the officers acknowledged that Webb City asked the court to consider matters outside the complaint, and they objected. Nevertheless, the officers went on to controvert some of Webb City's alleged uncontroverted facts (albeit in a conclusory fashion without benefit of affidavits or other supporting materials), and themselves referred to material outside the complaint in support of their arguments. *See Van Leeuwen v. United States Postal Serv.,* 628 F.2d 1093, 1095 (8th Cir.1980) (holding that nonmovant "had notice of the court's intention to treat the motion to dismiss as one for summary judgment, because he, along with the other parties, submitted outside the pleadings affidavits and exhibits which he understood that the District Court accepted for consideration"). At the end of their Suggestions, the officers stated that, if "the Court feels that Defendants have met there [sic] burden of proof of showing that there is no genuine issue of any material fact, then Plaintiffs **willingly accept the shift of the burden to them** and respectfully request adequate time to present Affidavits and [sic] or other evidence" in opposition. Suggestions in Opposition to Defendants' Motion to Dismiss, Appellees' Appendix at 108[4] (emphasis added). In reply, Webb City reiterat-

---

3. Nowhere does the District Court's order mention that the court is granting summary judgment to Webb City, and in fact the order says the court is granting the motion to dismiss. Nevertheless, it is clear from the court's discussion that it considered matters outside the pleadings, such as details about the incident that do not appear in the complaint.

4. The Suggestions in Opposition are not paginated, so in citing the Suggestions we use the appendix page number.

ed its belief that summary judgment was appropriate. Thereafter, the District Court never indicated that it was excluding the matters outside the complaint that the parties had presented, or that it was denying the officers' request for adequate time to respond.

We recognize that the court might have given the parties actual notice that it was going to consider matters outside the complaint. Nevertheless, it is clear that the officers had actual notice that Webb City sought to have its motion to dismiss treated as a motion for summary judgment, and cannot avoid their responsibility to respond in kind by telling the court, in effect, "We don't want to respond now but we will if you tell us we should." Further, when the court did not exclude the matters outside the complaint with which it was presented, the officers had constructive notice of the court's intention to oblige Webb City in its request to treat its motion as one for summary judgment.

The officers' complaint was filed October 5, 1992. Webb City's motion to dismiss was filed November 9, 1992; the officers filed their opposition on November 23, 1992; and the reply by Webb City was filed on December 7, 1992. The District Court's order was not filed until January 11, 1993. Thus the officers had two months in which to respond after they were on notice that Webb City was presenting to the court matters outside the complaint. Webb City managed to gather its materials in just over a month, from the time the officers filed their complaint until Webb City filed its motion to dismiss. We think it disingenuous for the officers to contend, "The Trial Court did not give Plaintiffs a reasonable opportunity to present material made pertinent by Fed.R.Civ.P. 56." Appellants' Brief at 5.

The cases cited by the officers in support of their arguments are distinguishable on their facts. Several involved *pro se* complainants, who might not be expected to know they should come forward with matters outside the complaint when the other party

presents such matters to the court. *See, e.g., Winfrey v. Brewer,* 570 F.2d 761, 764 (8th Cir.1978). In some cases, the nonmoving party was given little or no time to respond with matters outside the complaint. *See, e.g., id.* at 763–64. Moreover, in none of the cited cases did the facts show that the moving parties represented to the court that they were seeking to convert their 12(b)(6) motions to motions for summary judgment, as did Webb City, much less that the nonmoving parties acknowledged but ignored such intention, as the officers did here. *See, e.g., Inland Container Corp. v. Continental Ins. Co.,* 726 F.2d 400 (8th Cir.1984).

■ In any event, the facts pertinent to the law upon which the District Court decided Webb City's motion were acknowledged by the officers as undisputed, as discussed *infra* at 8. Therefore, any error by the court in considering matters outside the complaint, and failing to indicate in its order dismissing the case that it was doing so, is harmless. *See Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir.1992) (stating that court's failure to treat motion to dismiss as motion for summary judgment "is harmless if the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record").

■ For their next issue on appeal, the officers claim that the court erred in granting judgment to Webb City as a matter of law. Under the federal wiretap law, a civil action is permitted by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used." 18 U.S.C. § 2520(a). The officers do not now claim that wire or electronic communications were intercepted or disclosed, so the communication at issue must be an "oral communication" if Webb City's actions in recording it are to be actionable.

The wiretap law defines "oral communication" as "any oral communication [5] uttered by a person exhibiting an expectation that such communication is not subject to interception

---

5. Despite the apparent circularity of defining a term by using the same term, it is clear that "oral communication" is a term of art under the federal wiretap law, and the import of the term for

that purpose is in the expectations of the communicator rather than in the oral nature of the communication.

under circumstances justifying such expectation." 18 U.S.C. § 2510(2) (footnote added). The District Court held that the necessary expectation was lacking, and we agree.

The court clearly did consider matters outside the complaint in dismissing the officers' case. Therefore, we will review the decision as we would a summary judgment, that is, *de novo*, viewing the facts in the light most favorable to the officers, and determining whether there are genuine issues of material fact and whether Webb City is entitled to judgment as a matter of law. *Kuhnert v. John Morrell & Co. Meat Packing, Inc.*, 5 F.3d 303, 304 (8th Cir.1993).

We know from the legislative history of the federal wiretap law that "[t]he definition [of oral communication] is intended to reflect existing law." Omnibus Crime Control and Safe Streets Act of 1968, S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.C.C.A.N. 2112, 2178 (citing *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). The Supreme Court in *Katz* set out the expectation-of-privacy test for Fourth Amendment purposes, and the corresponding test under § 2510(2) would be "whether [the officers] expected [their] conversations to be free from interception, and whether, if [they] had this expectation, it was justified by the circumstances." *Walker v. Darby,* 911 F.2d 1573, 1578 (11th Cir.1990).

Clearly the officers' subjective expectations that their communication would not be intercepted are questions of fact that, if controverted, ordinarily cannot be resolved on a motion for summary judgment. In fact, viewing the evidence in the light most favorable to the officers, we would have to say that they did indeed have such expectations. The objective reasonableness of the subjective expectations of the officers, however, is another matter.

The undisputed facts show that the tape-recorded incident took place in a public jail and between police officers and a prisoner. These are the only material facts necessary to prove, as a matter of law, that it was not objectively reasonable for the officers to expect that their conversations would not be intercepted. *See United States v. Harrelson,* 754 F.2d 1153, 1169 (5th Cir.) (holding that it was not objectively reasonable to expect no interception of a conversation that took place in jail), *cert. denied,* 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 241 *and* 474 U.S. 1034, 106 S.Ct. 599, 88 L.Ed.2d 578 (1985); *see also* Omnibus Crime Control and Safe Streets Act of 1968, S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.C.C.A.N. 2112, 2178 (stating that expectation of no interception would be "unjustified in certain areas; for example a jail cell"). The singular purpose of a jail is the confinement of known or suspected criminals, and it is more than reasonable to expect that communications made therein between police officers and prisoners would be intercepted. We hold that the circumstances here do not justify an expectation that the incident in question was not subject to interception, and therefore no statutory "oral communications" of the officers were intercepted.[6]

The cases upon which the officers rely are distinguishable. In the Eleventh Circuit's *Walker* case, the alleged interception took place in the office of the person whose objective expectations were at issue. *Walker,* 911 F.2d 1573. The same was true in *United States v. McIntyre,* 582 F.2d 1221 (9th Cir. 1978), a case involving criminal prosecution under the federal wiretap law. In *Boddie v. American Broadcasting Cos.,* 731 F.2d 333 (6th Cir.1984), the person whose communication was intercepted was specifically told that her words would not be electronically recorded. Moreover, the court in that case reversed a grant of summary judgment and remanded for further proceedings, concluding that there remained an issue of fact for the jury, that is, whether Boddie's expectation that she was not being recorded was justified considering all the circumstances in which the communication took place. *Id.* at 338–39.

---

6. Because it is unnecessary to our holding, we do not resolve the dispute between the parties whether, as the officers suggest, the expectation of non-interception is different in some way from the Fourth Amendment expectation of privacy. *See Walker v. Darby,* 911 F.2d 1573, 1578–79 (11th Cir.1990).

■ We also hold that judgment was properly granted for Webb City on the officers' claims of violations of Missouri wiretap law for the reason, as set forth in the order of the District Court, that the tape recording was not a "wire communication" within the meaning of Missouri law. *See* Mo.Rev.Stat. § 542.400(12).

The judgment of the District Court is affirmed in all respects.