_____

No. 95-2492
No. 95-3716
_____

Angela Piggee,                          *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        * Appeals from the United States
Jimmy Jones, Individually and           * District Court for the
as Superintendent of Schools            * Western District of Arkansas.
of the Hope, Arkansas School            *
District No. 1A; The Board of           *          [PUBLISHED]
Education of the Hope, Arkansas         *
School District No. 1A,                 *
                                        *
          Appellees.                    *
                                        _____

               Submitted:  May 15, 1996

                   Filed:  May 24, 1996
                                        _____

Before FAGG, WOLLMAN, and LOKEN, Circuit Judges.
                                        _____


PER CURIAM.


     Angela Piggee appeals the district court's ruling that the Arkansas
Teacher Fair Dismissal Act of 1983, Ark. Code Ann. §§ 6-17-1501 et seq.
("TFDA"), does not create a property interest in the renewal of her
teacher's contract that is protected by the federal Constitution.  She also
contends the district court improperly denied her request for attorney's
fees after ruling in her favor on her state law claim that the Hope
Arkansas School District violated the TFDA by renewing her elementary
school principal's contract at the assistant principal level.  A review of
the record and the parties' contentions on appeal persuade us that the
district court was correct in ruling (i) our decision in Hilton

v. Pine Bluff Public Schools, 796 F.2d 230, 232 (8th Cir. 1986), that the prior TFDA did not create a protected property interest in nonrenewal applies to the 1983 TFDA as well, see Hubbard v. Parker, 994 F.2d 529, 531 (8th Cir. 1993); and (ii) a claim for violation of the TFDA's mandatory procedures is not a claim "for labor or services, or breach of contract" for which attorney's fees may be awarded to the prevailing party under Ark. Code Ann. § 16-22-308.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.