# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1151

_____

Stacy Kellar,                                          *
                                                       *
              Appellant,                               *
                                                       *   Appeal from the United States
        v.                                             *   District Court for the
                                                       *   Eastern District of Missouri.
Bob Wills, also known as W. B. Wills,                  *
doing business as Mountain Park                        *   [UNPUBLISHED]
Boarding Academy, also known as                        *
Bobby Ray Wills; Betty Sue Wills;                      *
Sam Gerhardt, doing business as                        *
Mountain Park Boarding Academy;                        *
Deborah Gerhardt, doing business as                    *
Mountain Park Boarding Academy,                        *
                                                       *
              Appellees.                               *

_____

Submitted: July 6, 2006
Filed: July 19, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following an adverse jury verdict on battery and negligence claims, Stacy Kellar appeals the district court's[1] sua sponte pre-trial dismissal of her claims of false imprisonment and intentional infliction of emotional distress (IIED) against several employees (defendants) at the Mountain Park Boarding Academy (MPBA).

The district court dismissed Kellar's false-imprisonment and IIED claims at a hearing on defendants' motions in limine to bar evidence crucial to those claims. Because the court considered evidence outside the pleadings, we view the dismissals as effectively a sua sponte grant of partial summary judgment. *See Kuhn v. Nat'l Ass'n of Letter Carriers, Branch 5*, 528 F.2d 767, 770 n.4 (8th Cir. 1976) (treating dismissal as summary judgment because matters outside pleadings were considered). Kellar had notice and an opportunity to oppose the dismissal of her claims because she was aware of defendants' affirmative defenses to the claims, she fully responded to defendants' motions in limine, and she argued the viability of her claims at the pre-trial hearing. We therefore hold that it was not reversible error for the court to grant summary judgment sua sponte. *See Hubbard v. Parker*, 994 F.2d 529, 531 (8th Cir. 1993) (district court may sua sponte grant summary judgment under Fed. R. Civ. P. 56 as long as party against whom judgment was entered was given sufficient advance notice and adequate opportunity to show why summary judgment should not be granted); *cf. Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995) (where court converted defendant's request for dismissal into motion for summary judgment, lack of formal notice was harmless because nonmoving party had adequate opportunity to respond to motion, and material facts were neither disputed nor missing from record; plaintiff had constructive notice that right of defendants to judgment as a matter of law was at issue).

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

We conclude that, even when the record is viewed in the light most favorable to Kellar, defendants are entitled to judgment as a matter of law on her false-imprisonment claim because Kellar cannot genuinely dispute the fact that her mother consented to her enrollment at MPBA with full knowledge of MPBA's programs and restrictions. *See Blair v. Wills*, 420 F.3d 823, 828-29 (8th Cir. 2005) (de novo review of grant of summary judgment; false imprisonment occurs under Missouri law when plaintiff is confined without his consent and without legal justification; although Missouri courts have not addressed specifically whether private school may be liable for false imprisonment when custodial parent consents to child's enrollment and attendance at school, plaintiff cannot maintain an action when parents consented to enrollment at boarding school with full knowledge of school's programs and restrictions, because under Missouri statutory law, parents exercise authority over custody, care, and management of their children, and may delegate that authority on behalf of their minor children), *cert. denied*, 126 S. Ct. 1470 (2006); *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 572 (8th Cir. 2002) (applying *Erie* doctrine).

To the extent Kellar asserts that her mother was defrauded by MPBA officials and would not have consented to enrolling Kellar at MPBA had she been aware of how Kellar would be treated, we conclude that the issue was not properly before the district court because it was a new theory of liability, not asserted in her complaint. *See Woods v. Wills*, 400 F. Supp. 2d 1145, 1186 (E.D. Mo. 2005) (party cannot assert new theory of case in defending summary judgment motion or expand claim in attempt to create material issue of fact where none existed before).

Regarding Kellar's IIED claim, her expert witness, Dr. Jeffrey Kline, Ph.D., conceded that he is a psychologist, not a medical doctor, and does nothing related to the practice of medicine. Therefore, we conclude that the court did not abuse its discretion in excluding his non-medical testimony concerning Kellar's alleged emotional distress. *See United States v. Radtke*, 415 F.3d 826, 840 (8th Cir. 2005)

(court reviews exclusion of evidence for abuse of discretion); *United States v. Malik*, 345 F.3d 999, 1001 (8th Cir. 2003) (citing Fed. R. Evid. 103(a) (2000)) (once district court makes definitive ruling excluding evidence, party does not need to renew objection to preserve claim of error for appeal); *Gordon v. City of Kansas City, Mo.*, 241 F.3d 997, 1004 (8th Cir. 2001) (under Missouri law, to recover for emotional distress where no physical injury is involved there must be expert medical testimony that emotional distress or mental injury was medically significant).

We further hold that the district court did not commit reversible error in granting summary judgment for defendants on Kellar's IIED claim because, without Dr. Kline's testimony, Kellar could not create a genuine issue of fact as to whether she suffered a medically diagnosable and medically significant emotional injury. *See Bass v. Nooney Co.*, 646 S.W.2d 765, 772-73 (Mo. banc 1983) (absent allegation of physical injury, plaintiff cannot prevail on IIED claim unless she demonstrates "emotional distress or mental injury" which "must be medically diagnosable and must be of sufficient severity so as to be medically significant").

Accordingly, we affirm.

_____